IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

LANCASTER, NOVEMBER ADJOURNED TERM 1832.

## Nutz *against* Reutter.

A wife cannot be joined with her husband as a defendant in an action founded upon a contract or promise express or implied, unless she made the contract or promise, or did the act, from which it was to be implied, before coverture, when she must be joined with her husband.

In an action *ex contractu* against several, it must appear by the pleadings that the contract was joint, and that fact must be proved; but with regard to the promise of a husband and wife, it must in law be considered and treated as the promise of the husband alone.

An action against a husband and wife, upon a contract of the wife *dum sola*, abates as to the husband at his death.

The appointment of a guardian, and an act done by him in pursuance of such appointment, is such evidence of general guardianship as will defeat an action *ex contractu* by the ward against the guardian, until his account is first settled by the orphan's court.

ERROR to the common pleas of *Dauphin* county.

The suit was commenced by *Eliza C. Reutter*, the defendant in error in that court, to October term 1821, against *George K. Nutz* and *Mary* his wife, late *Mary Reutter*, administratrix of *Michael Reutter*, deceased, to recover a distributary share of the personal estate of the deceased, which she claimed as one of his children under the intestate laws of this state. Pending this suit, *Mary* the wife of *Nutz* and administratrix of *Michael Reutter*, on the 27th of July 1832, died. On the 21st of July 1824, a declaration in *assumpsit* was filed

in the cause, setting forth that the plaintiff below, who is the defendant in error here, upon the death of her father *Michael Reutter*, became entitled to a distributive share of the goods and chattels of the said *Michael*, which remained after the payment of his debts, and which amounted to 45,000 dollars. That the said *Mary Reutter* was duly appointed administratrix of the said goods, and that as such they all came into her hands. That the intestate at the time of his death left a widow, to wit the said *Mary*, and three children, the plaintiff below, one other daughter named *Charlotte*, and a son named *Daniel*, all of whom were still living; and that the plaintiff was entitled to one-third of the said goods, equal in value to 10,000 dollars, after deducting from the whole amount one equal third part as the widow's portion. That the said *Mary*, in consideration of the premises, after the death of the said *Michael*, and before her intermarriage with the said *George K. Nutz*, (which is therein also averred) " on the 6th day of October 1807, at the county aforesaid, upon herself did assume, and to the said *Eliza* then and there did promise, that she said *Mary*, the said 10,000 dollars, to the said *Eliza*, when thereto afterwards she should be required, well and faithfully would pay and content;" and then concluding in the usual form with a breach of this promise, and laying the damages at 12,000 dollars. On the same day that this declaration was filed, the cause was referred under the compulsory arbitration law to referees, who, on the 4th of September following, reported against *George K. Nutz*, one of the defendants below, 4857 dollars and 42 cents. From this award the defendant, on the 18th of the same month, entered his appeal; and on the 30th day of October following, died. On the 1st of March 1826, the court below granted leave to the plaintiff's attorney to file a new declaration; and on the 28th of May 1827, at the request of the plaintiff's attorney, a rule was granted by the court below on *Daniel N. L. Reutter*, the plaintiff in error here, to plead on six weeks notice, or judgment. On the 5th of July following, Mr *Elder*, as attorney for the plaintiff in error, appeared in the court below, and after reserving all exceptions to the irregularity of the course taken against his client, as per paper filed, put in the plea of *non assumpsit*.

The new declaration filed by leave of the court, after reiterating the first to the word "nevertheless," at the commencement of the conclusion, proceeds in the following words: "and whereas, the said *George* after his espousal with the said *Mary*, to wit on the 1st day of May 1808, at the county aforesaid, in consideration of the promise and assumption of the said *Mary*, and of the goods and chattels aforesaid having come into his hands and possession, and appropriated to his own use, upon himself did assume, and to the said *Eliza* then and there did promise, that he, the said *George*, the said 10,000 dollars, to the said *Eliza*, when thereto afterwards he should be required, well and truly would pay and content. Nevertheless, the said *Mary* while she was sole, after the death of the said *Michael*, and before her intermarriage with the said *George*, and the said

[Nutz v. Reutter.]

*George* since his espousal with the said *Mary*, although often required, *their aforesaid promise and assumption* nothing regarding, the said 10,000 dollars or any part thereof to the said *Eliza* have not paid, but the same to pay to her, the said *Mary*, before her intermarriage with the said *George*, and the said *George* since his espousals with the said *Mary*, have they each of them altogether refused, and still do refuse, to the damage of the said *Eliza*, 5000 dollars."

At the trial the plaintiff in error added the plea of the statute of limitations ; a plea, also, that *George K. Nutz*, his testator, was, on the 4th of May 1813, duly appointed by the orphan's court of Dauphin county, guardian of the person and estate of the defendant in error, who was a minor, under the age of fourteen years at that time, and that all the money and goods mentioned in the declaration as having come to his hands, if any such ever did come, came into his hands and possession as guardian of the person and estate of the said *Eliza*; and that no account of his guardianship has ever been stated and settled in the said orphan's court.   And again, as a plea against the further maintenance of this action, alleged, that since the commencement and during the pendency of it, the said *Mary Reutter*, administratrix as aforesaid of the said *Michael Reutter*, on the 27th day of July 1822, at the county aforesaid, died.   The replication to the plea of guardianship denied the appointment of *Nutz* as guardian; or that if he was so appointed, it was only until the defendant in error should attain the age of fourteen years ; and, in the last place, that the appointment was procured by fraud.

The replication to the plea of the death of the administratrix, *Mary Reutter*, pending the suit, admitted her death, as alleged, but claimed to maintain the suit notwithstanding, because *Nutz* had obtained possession of all the goods immediately after his intermarriage with the said *Mary*, and had retained them until after her death in his hands, *as was therein alleged, in trust and for the use of the said Eliza.*

Upon the trial of the cause, the plaintiff in error gave in evidence, among other things, a certificate from the clerk of the orphan's court of Dauphin county, showing that, on the 4th of May 1813, *George K. Nutz*, his testator, had been appointed, upon the application of himself and wife, guardian of the person and estate of the defendant in error ; and it was admitted that, as such, he had attended to and prosecuted an action of ejectment for the recovery of a tract of land, part of the estate of the defendant in error, lying in Northumberland county ; but alleged, that his appointment of guardian was designed for the special purpose of prosecuting that suit, and that he never accepted or took upon himself the guardianship of the defendant here for any other purpose.

After the evidence was gone through with on both sides, the court below charged the jury, that this action might be sustained against the executor of *George K. Nutz ;* and that the death of his wife, pend-

ing the suit, did not abate and put an end to it; although it was commenced against him and her jointly.

In respect to the appointment of *George K. Nutz* as guardian, the court below further charged the jury in the following words. "By the record of the orphan's court it appears that *George K. Nutz* was appointed guardian of the plaintiff. But it is denied that he took upon himself the guardianship of plaintiff beyond *bringing suit in that character to recover* a tract of land for plaintiff and her brother and sister, in Northumberland county, for which purpose alone it is said he was appointed guardian. I leave to the jury to decide, whether *Nutz* took upon himself the guardianship of plaintiff's estate. The mere appointment of *George K. Nutz* as guardian, by the orphan's court, unless he took upon himself the guardianship of plaintiff, in pursuance of that appointment, would not support defendant's plea ; or *the appointment of Nutz as guardian for the purpose of instituting the ejectment in Northumberland county, and his instituting that ejectment without taking upon himself the guardianship of plaintiff's other property, would not support defendant's plea.* If *George K. Nutz* took upon himself the guardianship of plaintiff's estate, this suit cannot be supported. Defendant in that case must be cited to settle his account of his guardianship in the orphan's court."

On the trial of the cause, a number of bills of exception were taken to the opinion of the court upon points of evidence and other matters which occurred ; after which the court were requested by the counsel for the plaintiff in error to instruct the jury on various questions of law. All these things have been assigned for error, but have been passed by, with the exception of the opinion of the court below as to the maintenance of this action against the plaintiff in error, and the charge of the court on the point of his guardianship.

The questions were argued by

*M'Cormick* and *Wideman*, for plaintiff in error.
*G. Fisher*, for defendant in error.

The opinion of the Court was delivered by

KENNEDY, J.—In regard to the first question, I consider it a well settled principle, that a wife can not be joined with her husband as a defendant in an action founded upon a contract or promise either express or implied, except where she has made the contract or promise, or done the act from which it is to be implied, before coverture ; and that in every such case the wife must be joined in the suit with the husband. *Robinson* v. *Hardy*, 1 *Ves.* 281, 440 ; *Drue* v. *Thorn*, *Alleyn* 72 ; *Mitchinson* v. *Hewson*, 7 *Term Rep.* 348. Neither at law nor in equity will the courts take cognizance of distinct and separate claims, or liabilities of different persons in the same suit. 1 *Chitty's Pl.* 8, 31. And therefore, in an action *ex contractu* against several, it must appear, on the face of the pleadings,

[Nutz v. Reutter.]

that their contract was joint, and that fact must also be proved at the trial; and if *too many* persons be made defendants, and the objection appear on the pleadings, either of the defendants may demur, move in arrest of judgment, or support a writ of error; and if the objection do not appear upon the pleadings, the plaintiff may be nonsuited, or otherwise the court ought to direct the jury peremptorily to return a verdict against him upon the trial, if he fail in proving a joint contract. *Chitty, Pl.* 31. And upon this principle it has been holden, that an action can not be maintained against husband and wife upon a promise alleged to have been made by both during coverture; for as to the wife the promise is void, and therefore in law must be considered the promise of her husband alone, which is insufficient to support the action against the husband and wife jointly. *Risley* v. *Stafford, Palmer* 312. The propriety of joining the husband as a defendant with the wife in actions *ex contractu,* when the cause of action originated with the wife *dum sola,* is obvious; because, as the law makes him liable during the coverture for the fulfilment of all her engagements made anterior thereto, it would be repugnant to the first principles of natural justice that he should be condemned, or have a judgment rendered against him without an opportunity afforded of being first heard. But still in such suit the contract, or foundation of it, must appear to have originated with the wife alone while sole. And as the husband is only liable for such cause of action *during the coverture,* it follows necessarily that the moment that that tie is severed, either by the death of the wife or by the death of the husband, all liability of the husband, or of his estate, in that action ceases; if the wife, however, should happen to be the one that survives, the action survives also against her, and may be prosecuted to judgment and execution. See 1 *Bac. Abr. tit. Baron & Feme,* F. page 485; 3 *Mod.* 186; 2 *Com. Dig. tit. Baron & Feme,* 2 C. page 113 (*Kyd's Ed.*); 1 *Rolle* 351, *l.* 40. If the action then was properly brought by *Eliza Reutter* against *Nutz* and his wife, as no doubt it was, judging from the cause of action set forth in the first declaration, if he, *Nutz,* had not been previously appointed her guardian, the death of the wife abated the suit, and put an end to all liability on the part of *Nutz* in that suit. If, however, the plaintiff below had any good cause of action against *Nutz,* the husband, alone, she could not set it up on that action either before or after the death of the wife, beause no other than a cause of action which originated against the wife before marriage could be presented and made the foundation of a recovery in it. As well might it be contended that a plaintiff who has brought a suit founded upon a contract against a defendent who is unmarried at the time of commencing the action, but marries a woman while the same is pending, against whom the plaintiff has also a cause of action arising out of a contract made with her *dum sola,* shall be permitted, by the court in which the suit is pending, to add a count to his declaration embracing the cause of action against the wife. Such an amendment,

2 E

[Nutz v. Reutter.]

I presume, never yet entered into the head of any lawyer who had one, so as to attempt having it made. Chief Baron *Comyn* lays it down,. that " if an action be brought by or *against husband and wife*, where it ought to be by or *against husband alone*, it will be error ; or it may be moved in arrest of judgment. 2 *Comyn's Dig. tit. Baron & Feme*, Y. page 111, *Kyd's Ed.*

In conformity to this principle, it has been held that two actions, brought by the same plaintiff, one against the husband alone for words spoken by him, and the other against the husband and wife for words spoken by the wife, cannot be consolidated. *Swithin* v. *Vincent*, 2 *Wils.* 227. The court in that case delivered its opinion in the following words : " this cannot be done, for it would *be error to join the wife* in a declaration for words spoken by the *husband only*, and the declaration would be ill, either upon a demurrer or in arrest of judgment."

The first declaration filed in the cause under our consideration did not profess to make *George K. Nutz* liable, otherwise than by his having become the husband of *Mary Reutter*, against whom the plaintiff below alleged she had her cause of action ; but it was no doubt the intention of the attorney of the plaintiff below, by his filing the new declaration, to spread on the record a cause of action that would charge *Nutz* individually, and in his own right; although I have my doubts whether he has done so ; indeed, I am rather inclined to think that he has not stated a sufficient consideration in it to make *Nutz* liable individually, and in his own right. However, upon this I do not wish to be understood as giving any opinion by which I shall feel myself bound in the least degree hereafter. But admitting that it is such as it was designed to be, then it would be incompatible with the first, which must still be considered as a part at least of the declaration in the cause, for it was not asked of the court to be withdrawn, and certainly never was withdrawn. Hence the declaration may never be considered as consisting of two counts. In forming an opinion of the correctness of the proceeding in this case, we consider and judge of it in the same way as if the original parties to it were all still in full life, because every cause of action must refer to the original commencement of the suit, and if it did not exist then, or were not good, or could not then be made a good ground for recovery on the part of the plaintiff, it cannot become or be made so by any subsequent occurrence in that action. Now let us apply the ordinary test in such cases, in order to determine whether two counts can be joined in the same declaration in an action against a husband and wife, one charging him and the wife both in right of the wife, and the other charging him in his own individual capacity and right. Chief Justice *Wilmot* says, the true test to try whether two counts can be joined in the same declaration, is to consider and see whether there be the same judgment in both, and wherever there is the same judgment in both, he thinks they may well be joined. In this opinion the other judges concurred. *Dickson* v. *Clifton*, 2 *Wils.* 321 ; 1 *Term*

[Nutz v. Reutter.]

*Rep.* 276. It is evident that here the judgment in case of a recovery could not be the same on both counts, for on the first it would have to be a judgment against both the husband and wife, but on the second a judgment against the husband alone. As well might it be attempted in an action of debt against A and B jointly, to charge them in the first count of the declaration with a certain sum of money due from them to the plaintiff upon their joint obligation, and in a second count to charge A alone with the like sum due upon his several obligation. Yet such a thing has never been heard of.

We also think that the court below erred in their charge to the jury in regard to the appointment of *George K. Nutz* guardian of the person and estate of the defendant in error, and as to the effect of what he did under that appointment, whether it amounted to an acceptance of the guardianship generally or not. The charge of the court upon this matter was calculated, to say the least of it, to mislead the jury, by leaving them at liberty to consider the appointment of *Nutz*, a guardian of the defendant below, for a special purpose only, merely to bring and prosecute an action to recover a tract of land in Northumberland county, in which she had an interest. The words of the court are, " the appointment of *Nutz* as guardian, for the purpose of instituting the ejectment in Northumberland county, and his instituting that ejectment without taking upon himself the guardianship of plaintiff's other property, would not support defendant's plea." Now there was nothing in the evidence to warrant these remarks to the jury. There was no evidence of *Nutz's* having been appointed guardian but once. That appointment was general in its terms, and could not be restricted. It made him guardian of her person and all her estate, and if he did any act as guardian under it, it was an acceptance of the appointment generally, and he thereby became responsible as such. There being then no other evidence given of his appointment as guardian than the certificate from the clerk of the orphan's court, which showed that his appointment was general; and it being admitted that after that he had commenced and prosecuted an action of ejectment as guardian of the defendant in error: his authority to do so could only be derived from this appointment, and was conclusive evidence of his having accepted it, and the court below ought to have so instructed the jury. And as he therefore was entitled to receive, and must be considered as having received all the moneys, goods and chattels mentioned in the declaration in this action, to which the plaintiff below lays claim, as her guardian, and never having settled his guardianship account with the orphan's court, this action could not have been supported against him alone, or his personal representative, even had it been so originally brought. This has been settled and ruled by this court in the case of *Bowman* v. *Herr*, 1 *Penns. Rep.* 282.

The judgment of the court below is reversed.