# Carl *against* Wonder.

An action cannot be maintained against a husband alone, without an express assumption, for services rendered to, or money expended for, his wife *dum sola*.

An action at common law cannot be maintained against a husband and wife, by the guardian of the wife, *dum sola*, to recover compensation for his services as guardian, or money expended by him for his ward: his remedy is in the orphans' court.

ERROR to the common pleas of *York* county.

This was an action on the case by Martin Carl, guardian of Mary Carl, against John Wonder, intermarried with Mary Carl. The material facts of the case were these: The plaintiff, having certain claims in right of his ward, employed counsel to prosecute them, and made an agreement with them to pay them for their services. While the suits were pending, his ward married the defendant, who, soon after, compromised with the persons upon whom the claims were, and received the money. The counsel employed by Martin Carl claimed their compensation, and he paid them, and then brought this action against Wonder to recover back the money thus paid, and also compensation for his services in attending to the said suits.

The court below (Durkee, President) was of opinion that the plaintiff had mistaken his remedy, that the action would not lie, and so instructed the jury, who found accordingly.

*Ramsey*, for plaintiff in error, cited Crowell's Appeal, 2 *Watts*.

*Evans*, for defendant in error, cited Nutz *v.* Reutter, 1 *Watts* 229.

The opinion of the Court was delivered by

KENNEDY, J.—Upon no principle whatever can this action be

[Carl v. Wonder.]

maintained against Wonder alone. It is not pretended that the defendant ever made any express promise, for the breach of which it can be sustained; so that if it can be maintained at all, it must be upon an implied promise. If the plaintiff had had a right to receive the money paid over to the defendant by the sureties of the administrators of John Carl, deceased, or had had even a lien upon it for the purpose of enabling him to compensate the counsel employed to prosecute the suit commenced for the recovery of it, there would be, at least, some plausible ground for raising a promise on the part of the defendant by implication of law, from the act of his receiving the money, to pay to the plaintiff to that extent. But it is clear that, after the ward of the plaintiff became the wife of the defendant, the right to receive the money belonged to the latter, and all authority upon the part of the plaintiff to receive it, ceased. Neither is there the least colour for saying that he had a lien upon it for any purpose whatever. Seeing then that the money belonged to the defendant in right of his having become the husband of her who had been the ward of the plaintiff, and that he alone had the right to receive it, it would seem impossible that the law could raise a promise by implication against him to pay it, or any part thereof, to the plaintiff. Neither can such promise be implied upon the ground, that the plaintiff ever did any thing to promote the recovery of the money at the special instance, or request, of the defendant. Every thing done by him, with this view, was as the guardian of the defendant's wife *dum sola*. Then admitting, for the sake of the argument, that he is entitled to receive a compensation for such services, and to be reimbursed the moneys that he properly paid out of his own pocket on account thereof, and that the law will raise a promise in his favour for the purpose of enabling him to obtain it, when it can not be had otherwise, still it is clear that such promise cannot be raised against the defendant, because the service was not performed for his benefit, nor the money paid by the plaintiff in discharge of any obligation created for the benefit of the defendant, or on his behalf, but all for, and on account of, the defendant's wife, *dum sola;* so that such promise could only be implied against her; and the defendant, in consequence of his intermarriage with her, could, at most, be only made jointly liable with her, in a suit against them both, for the breach of it.

But we also think the objection made by the court below, to the plaintiff's recovery, perfectly tenable. He claims an allowance, or reimbursement, for moneys expended by him, according to his own showing, as guardian of the defendant's wife. His having paid it after her marriage, and after she had ceased to be his ward, does not alter the case, because, if paid by him properly, he paid it in discharge of his obligation created whilst guardian, and as such. But if he paid in pursuance of an obligation entered into by him after the marriage of his ward, without the consent and authority of the

[Carl v. Wonder.]

defendant, her husband, neither of them would be affected by it, and it could give him no claim whatever against them, or either of them. If, however, it was properly paid by him as guardian, or in discharge of an obligation properly created by him as such, the orphans' court is the proper tribunal for him to apply to, in order to have his account settled and his claim allowed; for without having it so allowed, or by some other tribunal to which the matter may be taken, by an appeal therefrom, he cannot sustain an action for it at common law; nor even then, perhaps, unless the powers of the orphans' court should prove insufficient to afford him adequate redress.

Judgment affirmed.