## Fournier *against* Ingraham.*

In the year 1819, L. made a voluntary assignment of his estate to F. for the benefit of his creditors. F. continued to act in the trust until 1836, when he was removed by the Common Pleas of Philadelphia, who appointed another assignee, and subsequently removed him, and appointed I. Upon the distribution of the assigned estate by an auditor, to whom I.'s accounts were referred, F. presented a claim for commissions, and advances made by him for the trust estate before his removal; and the auditor reported that an issue was proper to try F.'s right thereto, and the Common Pleas of Philadelphia directed a feigned issue to try such right. Upon the trial of the issue in the court below, the jury were instructed that F. not having settled his account as assignee of L. in the proper court, and satisfied such court that there was a balance due to him from the assigned estate, had no legal or equitable claim which he could enforce against the assigned estate in the hands of the subsequently appointed assignee. *Held,* that the instruction was correct.

ERROR to the Common Pleas of *Philadelphia* county, by which a feigned issue was directed, upon the report of an auditor that such a course was proper, to try the right of Honoré Fournier, former assignee of Anthony Laussat, to receive out of the assigned estate of Laussat certain commissions and expenses incurred and paid by him for the trust estate, before his dismissal as assignee.

Anthony Laussat, on the 8th June 1819, made an assignment of his estate in trust for the benefit of his creditors, to Honoré Fournier, who took upon himself the execution of the trusts thereof, and continued to act therein, at first in person, but after some time, in consequence of his absence from the United States, by an attorney in fact, until the 30th April 1836, when, upon the petition of several creditors, he was removed from the trust by the Common Pleas of Philadelphia county, without having settled an account, and Hosea J. Levis appointed in his place. Levis was subsequently removed by the same court, and the defendant in error appointed assignee. The account of the defendant in error as assignee of the estate of Laussat having been settled in the office of the prothonotary of the Common Pleas of Philadelphia county, an auditor was appointed to distribute the balance in his hands of the assigned estate, before whom Fournier presented his claim for said advances and commissions, and the auditor reported the above issue to be proper, and the court directed it.

At the trial Fournier gave evidence to prove his claim; but the court (PARSONS, J.) deeming that a preliminary difficulty was in his way, charged the jury as follows:

---

* The reporters are indebted to E. D. Ingraham, Esq. for the report of this case.

[Fournier v. Ingraham.]

" This is a feigned issue directed by the Common Pleas to try the right of the plaintiff to certain money in the hands of the defendant as assignee of A. Laussat, which he claims has been paid by him while an assignee under a voluntary assignment from Laussat, and for commissions for his trouble and expense in settling said estate before his removal from the trust. It appears from the evidence in the cause that Anthony Laussat, on the 8th June 1819, made a voluntary assignment of all his goods and effects, also the debts due and coming unto him, a schedule whereof was said to be annexed to the deed of assignment, (but not produced before the court), in trust for the payment of certain creditors specifically mentioned, and then all of his general creditors who should execute a release within twenty days after the assignment. It is also shown that the present plaintiff took upon himself the execution of the trust, and continued to act in the capacity of trustee until the 16th April 1836, when, on a petition being presented in this court, he was discharged, and H. J. Levis appointed in his place, who was subsequently removed, and the present defendant was appointed, who has settled his account and has the money in his hands for distribution among the creditors of Laussat who are entitled to receive it. And the plaintiff claims that he is entitled to be first paid for his commissions and advances. The defendants, the creditors of Laussat under the assignment, object to his receiving the money, and contend that until he settles his account in the Court of Common Pleas, and that settlement or account is approved by the court, and the precise balance ascertained by virtue of a legal settlement of his trusteeship, he has no legal claim to the money now in the hands of the legally constituted assignee.

This question, it is believed, has never been judicially determined by the court of last resort in Pennsylvania. But that tribunal has settled principles which apply with great force in the present cause. The court instruct you as a matter of law, that the plaintiff is not entitled to your verdict in this issue. Until he has rendered an account of his proceedings as the assignee of Laussat, and that account is finally settled in the proper court, and that tribunal has approved of the settlement, and decided there is a balance due him from the estate, he has no legal claim to this fund. He must show before the proper authority that he has disposed of and applied all of the property which came into his hands by virtue of the assignment, and after being so charged, there was a balance due him for advances legally made. The proceedings in such settlement are purely equitable; a tribunal is fixed by law for adjudicating on his claim and fixing its true amount; until that is done, he cannot resort to this fund claimed by other creditors under the assignment. It is unnecessary for this court to give the reasons at length which produce this conclusion. It is the settled law of the State that a creditor of one

[Fournier v. Ingraham.]

who has made a voluntary assignment cannot sue the assignee for money in his hands till his account is first settled. And in what character does the plaintiff appear, but as a creditor of the estate? Can he then resort to the fund itself directly, until his true character is established in the way and manner pointed out by law? This court think he cannot, and instruct you that your verdict should be for the defendant."

The plaintiff excepted to the charge, and a verdict and judgment were rendered for the defendant.

Error assigned:

That the court charged the jury that an assignee under a voluntary assignment who has been removed from the trust, cannot recover from the fund assigned, and in the hands of a subsequently appointed assignee thereof, his commissions and expenses incurred and paid for the trust estate before his dismissal, without settling an account of his trust in the Court of Common Pleas having jurisdiction of his accounts, according to the Act of Assembly.

*Ingraham*, for the plaintiff in error.

The error of the court below consists in taking it for granted that the claim of Fournier was in the same situation as that of a creditor who sues at law the assignee of an estate before his accounts have been settled. That, however, was not the case here; the assigned estate was in reality before a court of equity; and certainly the claims upon the assigned estate may be settled, proved, and directed to be paid by the court having jurisdiction of the assignee's account, upon his account filed and in a course of settlement under the direction of such court. The assignee is entitled to a lien on the estate for his advances. 1 *Binn*. 134, 7, 489. This is well settled. What then is the objection to the course of proceeding? Not authority, for there is none: not policy; that is the other way. The objection to the creditor's recovery at law before settlement by an account is, that all sort of confusion would arise until the state of the fund be known, and each creditor would help to exhaust it in suits. *Gray* v. *Bell*, (4 *Watts* 410). But how can that apply to the claim of this assignee? his object was to make proof after the state of the fund was known. This estate was in the regular course of an equitable settlement, and, when Fournier presented his claim, the account between him and the assigned estate could well be settled in the equity proceeding by the auditor on the issue; his claim and the proof constituted, in fact, the settlement of his account; for to recover he must settle it, and thus show his right; and the error of the court below was in supposing that the only equitable proceeding in which it could be asserted was one founded on the settlement of his own accounts. The proceeding is exactly like the equity proceeding that permits one creditor to file a bill, and

VII. — C *

[Fournier v. Ingraham.]

all others to come in under the decree, (3 *Johns. Ch. Rep.* 555), in which case the master takes the proof.

*C. Ingersoll* and *J. M. Read,* contra.

It is contrary to the policy of the law that a trustee of any kind should be permitted to charge the trust estate, without having first placed himself in such a situation as to afford the *cestui que trust* full satisfaction as to his dealings with the estate. He has a duty to perform, the account of which is to be rendered on oath; and he cannot, by acting in such a manner as to oblige the court to dismiss him from the trust, escape from rendering his account, and being subjected to examination on oath as to its accuracy. A dismissed assignee is always in default, unless when dismissed upon his own application, which is always done upon the settlement of his account. If the course pursued in this case were to be sanctioned, the dismissed assignee could obtain by legal evidence the payment of his claim against the trust estate, and avoid all the consequences of his management, which he would be obliged to disclose upon his examination before an auditor. The claim in this case is to recover without making such disclosure. It is perfectly well settled that a creditor, *Rush* v. *Good,* (14 *Serg. & Rawle* 226); *Gray* v. *Bell,* (4 *Watts* 411); *Vanarsdale* v. *Richards,* (1 *Whart.* 408); *Snyder* v. *Roberts's Estate,* (3 *Whart.* 495); a ward, *Denison* v. *Cornwell,* (17 *Serg. & Rawle* 378); *Bowman* v. *Herr,* (1 *P. R.* 283); or a guardian, cannot sue at law before an application to the proper tribunal, and a settlement there. *Nutz* v. *Reutter,* (1 *Watts* 235); *Carl* v. *Wonder,* (5 *Watts* 97). Upon every principle of policy and equity, the court will refuse to aid a trustee until he does equity by settling his account; and to oblige him to do so, will refuse to let him recover until that prerequisite is performed.

The opinion of the Court was delivered by

Rogers, J. — Although the precise point may not have been decided, yet the principle which governs the case has been ruled in several instances. Thus in *Gray* v. *Bell,* (4 *Watts* 410), and *Vanarsdale* v. *Richards,* (1 *Whart.* 408), it is held, that the assignees under a voluntary assignment are not liable in an action for money had and received, before an account has been settled and decree made by the Court of Common Pleas. So, previously to the settlement of an account in the Orphans' Court, an action of *assumpsit* will not lie by the ward against his guardian to compel such settlement and payment of the balance. *Denison* v. *Cornwell,* (17 *Serg. & Rawle* 376); and *Bowman* v. *Herr,* (1 *P. R.* 282). It is true that, in the cases cited, the suit is brought against the assignee or guardian; and here the claim for the balance and the compensation for services is made by the assignee. In this respect only do they differ; but, from the reasons given and parti-

[Fournier v. Ingraham.]

cularly in *Bowman* v. *Herr*, in principle they are precisely the same. The Act of Assembly has designated an appropriate tribunal for the settlement of the accounts of assignees and guardians, where everything pertaining to the case can be examined in the most deliberate manner, and with more satisfaction and greater chance of justice than can be looked for at the hands of a jury. The parties in interest have the benefit of the oath of the assignee, who may be examined touching his administration of the trust; but of this advantage they will be deprived, if the course attempted here should prove successful. The accounts of assignees necessarily involve the investigation of various items, frequently complicated in their nature, which require great care and deliberation; and hence the propriety of referring such cases to the tribunals whose appropriate duty it is to make such investigations, rather than to the jury. On the trouble of the assignee, and the fidelity with which he performs his trust, his compensation mainly depends; and of this the court which surveys the whole ground is most competent to judge. If the assignee had asked to be discharged, it would not have been permitted without settlement of his account. But here he is discharged for malfeasance; and the only mode by which he can be compelled to settle his account in proper form, is by refusing to assist him until he has performed his duty in this essential particular. When the Court of Common Pleas has ascertained the amount, then he is entitled to payment from the subsequent assignee; and not until then. In *Carl* v. *Wonder*, (5 *Watts* 97), the distinction taken between the plaintiff and defendant made no difference in the result; for in that case it is held, that before settlement of the account of a guardian, he cannot sustain a suit at common law against his ward. That would seem to be a case in point. On principle, therefore, and authority, the case is with the defendant in error.

Judgment affirmed.