DEBT on a guardian bond, against principal and sureties.
George Tunnell was administrator of Miers Burton, deceased, duly appointed, with bond and surety. He afterwards became the guardian of Hannah E. Burton, one of the distributees of Miers Burton's estate, and gave bond and surety in such guardianship. These suits were upon that bond; and the breaches assigned were: 1. That defendant did not render just and true accounts of his guardianship, during the continuance thereof; 2d. that during his guardianship the sum of $8,000 was due and owing plaintiff in the hands of said George Tunnell, as administrator of Miers Burton, deceased, which he ought to have collected and received and charged himself with, in a guardian account; and so he did not in all things faithfully perform and fulfil his duty as guardian, c.
The defendant craved oyer and pleaded — 1. non est factum, to which issue was taken; 2. that no property belonging to plaintiff ever came to the possession of defendant as guardian; to which there was a special demurrer, for want of form; 3. that no money, goods, chattels or other property or effects of the plaintiff ever came to the knowledge or possession of defendant as guardian, of which he could render an account; on which issue was joined; 4. that said sum of $8,000, or any part of it, was not due to plaintiff in the hands of *Page 95 
defendant, as administrator of Miers Burton, which defendant ought to have charged himself with as guardian; to which there was a special demurrer.
Mr. Bayard. — Is the defendant liable on the guardian bond? In Maryland, under a similar-law, the courts hold the guardian liable for any money in his hands as administrator, without any act done to charge himself in that capacity.
The neglect to file an account charging himself as guardian with the money held as administrator, is a breach of the bond.
It might be a question whether under our later statutes the administrator is not bound in both capacities.
In case of insolvency of the administration securities, this would undoubtedly make the guardian sureties liable; it is, therefore, a good breach, whether they are insolvent or not, for the validity of the breach cannot depend on the insolvency of the other sureties, but on theduty to pass the account. At any rate the insolvency must be inquirable into in the same suit, and enters into the pleadings, otherwise a suit against the administrator might be delayed until suit against the guardian is barred.
 Mr. Cullen. — Does the narr contain a sufficient cause of action? There are two breaches — 1. The not rendering accounts. 2. The failure to collect the money from himself as administrator.
George Tunnell, as administrator, had money in his hands, belonging to this estate. He was also guardian of a person entitled to a distributive share. He did not pay it over or pass any account. The question then is, is the money in defendant's hands as administrator to be considered as in his hands as guardian, without any act changing it? This narr. shows no such act. The money received was received as administrator. He holds it as such. There is no authority in any court to make him change the liability from that of administrator to guardian. [4 Harr. Rep. 424; 1Am. Law Mag. 189, 165; 4 Metcalf Rep. 388; 5 Mass. Rep. 95; 1 KinneComp. 318; 2 Gill Johns. 220; 3 McCord Rep. 837; 1 Watts Rep. 229;Iredell's Dig. 477.]
It is not pretended here that the administration securities are insufficient; or that the money has been or will be lost by the guardian's neglect to transfer the funds by passing an account.
The narr. alledges that George Tunnell received money as administrator, and did not pass an account charging himself as guardian, which he was not bound to do. How can the court choose between *Page 96 
the sureties? The administrator has a right to the funds in his hands as administrator; to choose which of the two classes of sureties shall be liable for it; and there is no person to make him determine this matter. It is no part of his duty to charge himself as guardian.
The guardian is not bound to account until something is in hand to account for. The narr. does not alledge any thing in his hands. The condition of the bond is, that he shall account for what shall come to his hands; nothing came to hand, and he was not bound to pay over from administrator to guardian.
A special demurrer will not lie to pleadings in short, without a call to draw out. The object was to put the breaches in issue.
Mr. Bayard, in reply. — The proper mode to object to want of form is by special demurrer; not by notice to draw out pleas. "Rejoinder" to replication assigning breaches, is the same with "performance" to a narr. assigning breaches. It is worse; for in a rejoinder the party is confined to one issue, whilst he might plead several matters to the breaches in the narr.
I am entitled to judgment in these cases on the special demurrer, unless by narr is bad on general demurrer. It is a breach of the condition of the bond that he did not pass guardian accounts; and though no other injury results, it deprives the ward of the opportunity by appeal, to question the account. If he have nothing to account for he must state that in an account, for the law requires him to account biennially. If, therefore, the administration securities are liable, and the guardian sureties not liable for the amount, they are liable for nominal damages for the non performance of duty in filing an account. The not filing an inventory may be assigned as a breach to an administration bond, even though the plaintiff might fail in other breaches.
As to the narr. the bond itself implies there is something to account for. It was not necessary for me to aver that there was something. The law requires him to pass an account in one year, and the not passing an account is a breach, without any averment that there was something to account for. I am entitled to judgment under that breach, whether I can afterwards show any amount of damages, before a jury of inquiry, is another question. If I do not, it will be merely a judgment for costs. The liability of the party in this case as alledged in the second breach is covered by the concluding clause of the bond: "shall in all things faithfully perform *Page 97 
his duty." What is the duty of a guardian? If he does not collect funds due his ward, he is liable for a loss. If it is his duty to collect from another, it is his duty to pass an account as guardian, which is collecting it from himself. A guardian at common law would be liable as a trustee for not collecting a debt which was lost. On the settlement of an account the register would charge the guardian with a sum in his hands as administrator. He is as much bound to put it in one account as another; and whenever an account is due as guardian, he is bound to carry it in. He has no right to choose between administration and guardian liability: he is bound to do his duty, to account and charge himself.
The Court allowed the special demurrers; and gave leave to plead over. They said that the third plea to the second breach, and the issue on the third plea, brought up the whole question whether a guardian was liable for not passing an account charging himself with the money in his hands as administrator; as to which the court, by request, intimated an opinion in the affirmative. The law limits a time for the passing the account, and the guardian's duty is to place the money in the proper custody, charging himself with it as guardian, in the due course of accounting. They stated that this was their view of the question put to them, though they decided the case at present on the pleadings.