EASTERN DISTRICT, PHILADELPHIA, 1853.

## Williams *et uxor*, *versus* Coward *et uxor*.

1. A married woman can neither sue nor be sued on her contract made during coverture.

2. The law presumes the wife to be the agent of her husband in all contracts made for necessaries or goods that are for his use.

3. In all actions by or against the wife on her ante-nuptial contracts, she is to be joined with her husband.

[Williams et uxor *v.* Coward et uxor.]

4. In an action on a contract between two married women made during coverture, neither wife should be joined.

5. Where moneys had been collected on an execution on a judgment which was afterwards reversed, the court awarded restitution of the moneys so collected.

ERROR to the District Court of *Philadelphia.*
The facts appear in the opinion of the court.

*Shippen,* for plaintiff in error.

*Rae,* for defendant in error.

The opinion of the court was delivered by
WOODWARD, J.—A married woman can neither sue nor be sued on her contract made during coverture. If she contract for necessaries or for goods that go to the use of her husband, the law presumes her to be his agent, and treats the contract as his, and the suit must be against him alone. It is only when an action is brought on her ante-nuptial contract, that she is to be joined as a co-plaintiff or defendant with her husband. *Nutz* v. *Reutter,* 1 W. 229. And this because in case of the husband's death, the action must survive. But in an action on a contract between two married women, made after coverture, neither wife should be joined. If any right of action accrued, it belongs to the husband of the one wife, and whatever liability is created, attached to the husband of the other. Though the wives may have created the cause of war, they are to be regarded as the ministers of their lords, and the battle is to be fought by them single handed.

These rules and principles were all violated in the case before us. Mrs. Coward deposited moneys with Mrs. Williams to the amount of $600, and drew upon her for various sums, until the balance was reduced to $143.50, which, with $22 interest claimed, amounting to $165.50, are the moneys for which this suit is brought, which were her earnings during coverture, and not property of her separate estate. Neither wife was a feme sole trader.

The plaintiff's counts all charge an assumpsit, by *Moses Williams and Elizabeth his wife* v. *Peter Coward and Ann his wife,* and the plaintiffs have a verdict and judgment. There is nothing in the common law of the marriage relations, and nothing in the statutory modifications of it to justify such misjoinders, and the judgment is accordingly reversed, and restitution awarded of the moneys collected on the execution.