*Court of Common Pleas, Dauphin County, December 18th, 1854.*

## WARE & BEIDLEMAN *v.* HENRY.

A bond with a warrant of attorney given by a married woman is void, and a judgment entered thereon will be stricken off. The party can sue on his original cause of action, if the *feme covert* is actually liable; it is not merged in the void bond.

BY THE COURT.—The application in this case is predicated on the fact that the defendant was a *feme covert* at the time of giving the bond and warrant of attorney on which the judgment is entered, and that consequently the instrument is void. The fact of coverture is conceded, but it is claimed that the instrument is valid and authorized by section 6, act of April 11th, 1848, which provides for the wife carrying on business in her own right, and contemplates the contracting of debts and giving bonds or other obligations to secure their payment. From the admitted facts we learn that the defendant purchased her husband's store at sheriff's sale, and it would seem paid for it with her own money. She employed her husband as her agent to carry on business, who gave her note to the plaintiff for $268, payable at thirty days, and dated May 6th, 1854. The two judgment-bonds were executed and delivered by her to the plaintiff in satisfaction of that debt. It thus appears pretty clearly that the debt was contracted in the course of her regular business as a trader, carried on by her husband as her agent, and the debt sanctioned by the principal. This application is not sustained by one particle of equity; it must be supported, if it all, by strict principles of law, as the effort to avoid the debt is immoral and highly dishonest. Yet if the judgment is void by law we are bound to declare it so and set aside the execution. By the common law, every contract made by a *feme covert* and every obligation given by her to secure its performance are utterly void. A judgment entered by virtue of her warrant of attorney will not support an execution, although her husband join in the bond and warrant. A sale of her real estate on such a judgment confers no title. There is no necessity to reverse the judgment, it is a nullity (3 Wh. 309; 6 H. 79). If the wife carry on business, or make a contract without the husband's concurrence, he is not bound, nor is there any liability on her part; if with the consent of the husband, he alone can be sued (2 Freeman, 215.) These are long-established and self-evident principles. The only question of moment is, how far is her condition changed by the act of 1848? The deed, mortgage, release, and every other instrument of writing made by a *feme covert*, affecting her land, or any interest therein, was always heretofore void in Pennsylvania, unless her husband joined in its execution. Although acknowledged in the forms of law, it had no binding efficacy against either husband or wife. It

[Ware & Beidleman *v.* Henry.]

is equally inefficacious since the passage of the act of Assembly. (Peck *v.* Ward, 6 H. 506 ; Ulp *v.* Cambell, 7 H. 361.)   She can neither sell her land, nor incumber it by a mortgage without the sanction and consent of her husband, evidenced by his signature to the instrument.   Can she incumber it by a judgment bond ?   If she can, all her interest in her property, real and personal, may be swept off without the consent or knowledge, and even against the will of her husband ; and the act of Assembly, which was intended merely as a shield to protect the wife against the creditors of the husband, may be made the instrument of her distruction, and also be of great injury to him.   It is contended that the wife has an implied power to carry on business, and contract debts in her own name, from the wording of the second proviso in the 6th section of the act of 1848, and as a consequence, can give a bond to secure such debts.   It might admit of some question, whether the liability for debt there referred to does not apply to such as had been contracted before marriage, as mentioned in the first proviso, as her husband is exonerated from the payment of such claims.   But taking it for granted that the legislature intended to permit married women to make contracts, and carry on business in person, or by agent, and to incur debts in the course of their trading, does it follow that they can give bonds with warrants of attorney to enter judgments without the sanction or signature of their husbands ? We think not.   The opinion of the Supreme Court, as delivered by Woodward, J., shows, that on such a contract the suit must be against the husband alone. (Williams et ux. *v.* Coward et ux., 1 Gr. 21).   And we apprehend that on the recovery of a judgment, the act of Assembly permits an execution to go against the property of the wife.   But suppose that opinion to apply merely to debts contracted before 1848, and in it we have no statement of the date of the loan or deposit sued for, we still think that the weight of reason and authority is against the power of the defendant to execute these judgment bonds.   So long as the creditor is obliged to pursue his original contract or cause of action, the court holds a supervisory power over the transaction, and can see that the interest of the married woman is not compromised, that the debt was really her own, and not contracted for the benefit of the husband or some other person.   If a judgment can be entered on her warrant of attorney, all inquiry is at an end.   That she cannot be bound for the debt of another is decided by Judge Lowrie in the District Court of Alleghany County, in Bennett *v.* Smith, 3 A. L. J. 138.   The decision of Judge Williams in the same court, that a wife may purchase real property and give judgment bonds to secure the purchase-money, we consider unsound.   She may accept a deed for land, being apparently for her benefit, but she most clearly cannot incumber it with a mortgage without her husband joining therein.   Why then permit her to charge it with a judg-

[Landis *v.* Kirk.]

ment? If the mortgage is void, how shall we say that the bonds accompanying it are good? In New York, under a statute of similar import, it has been held that a chattel-mortgage, given by the wife without the husband joining, is invalid. It has been decided by Lord Mansfield and the whole Court of the King's Bench that a *feme covert*, a sole trader under the customs of London, cannot give a bond with warrant of attorney to enter judgment without her husband joining, as she cannot be sued alone. It is there conceded that she can give a promissory note, or make binding contracts in the course of her business; but on such note and contracts the suit will be sustained against the husband and wife. Candell *v.* Shaw, 4 Term R. 361. There is some analogy between this case and the contract of an infant for necessaries. The contract is valid and can be enforced, but a bond with a penalty given by the infant is void. So also would be a bond with a warrant of attorney to enter judgment, as it cannot be for his interest to give such a bond. There is another similarity in our opinion. The bond being void, the vendor of the necessaries can recur to the original contract, which is not merged in an invalid instrument. So here the creditor can bring suit on his original contract for the sale of the goods to Mrs. Henry; and if he can show that the debt was incurred by her or her accredited agent, in carrying on her business, he may recover, and have execution against her goods. Whether the action must be brought against the wife alone, against the husband and wife, or against the husband alone, we are not called upon to decide. From the whole view of the case we feel constrained to declare, that the warrant of attorney given by Mrs. Henry in this case is void, and conferred no power to enter a judgment against her. Therefore, we make the rule entered by the defendant absolute.

*McCormick and Knox, for plaintiff.*

*Emerson and McAllister, for defendant.*