## Rigoney *et ux. versus* Neiman.

1. In an action against husband and wife for necessaries furnished on the credit of the wife; the plaintiff in order to recover judgment need not prove that the husband has no property or is insolvent or refuses to support his family.
2. To recover judgment against the husband, it is necessary only to prove that the debt was contracted by the wife for necessaries for the support of the family of the husband and wife.
3. Book entries against husband and wife are not conclusive evidence of a joint contract by them; there being evidence that goods were purchased by the wife on her credit, the question whether any and how much were for necessaries for the family is for the jury.

March 8th 1873. Before READ, C. J., AGNEW, SHARSWOOD and MERCUR, JJ. WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *Schuylkill county* : No. 294, to January Term 1872.

This was an action of assumpsit to June Term 1868 of the court below, brought by Herman Neiman against Peter Rigoney and Johanna Rigoney his wife.

The plaintiff declared in two counts : The first was for $2C0

[Rigoney *v.* Neiman.]

"for necessaries furnished by the plaintiff to the family of the defendant, at the special instance and request of the said Johanna." The second for $200 "for necessaries furnished by the said plaintiff, for the support and maintenance of the family of the said Johanna, wife of the said Peter, which said debt was contracted and incurred to and with the said plaintiff by the said Johanna, wife of the said Peter, and was incurred for articles necessary for the support of the family of the said Peter and Johanna Rigoney."

The case was tried before Ryon, P. J.

The plaintiff testified that he kept a flour, provision and grocery store in St. Clair, Schuylkill county; he had dealings with Mrs. Rigoney in 1866; the dealings had commenced in 1865, the first entry in his book was March 8th 1865, the last August 14th 1866.

His books, which were given in evidence, showed that from March 2d to March 11th 1865, the charges were to Johanna Rigoney; they were in several items: oil, potatoes, sugar, &c., and amounted in the whole to $8.22.

On the 13th of March 1865, he opened an account in the name of "Peter and Johanna Rigoney."

This account was from that date until August 14th 1866, and contained a large number of items, of somewhat similar character. The balance appearing to be due the plaintiff at the last date was $112.84. He further testified: "These goods were ordered by Mrs. Rigoney; she is the wife of Peter Rigoney; she came to my store to get goods on credit; I gave her the goods; she then wanted a pass-book; she ordered the goods and I furnished them on her credit. Peter Rigoney has no property. * * * I don't know that Peter Rigoney worked any then; he is a laborer; he kept a porter shop; they kept a few boarders; I don't think Peter was at the head of the establishment; I think Mrs. Rigoney was; I did not know they intended keeping boarders when the account was opened; I learned it right after the 8th of April. * * They had no family except an adopted daughter and the boarders."

On motion of the defendants the court entered a judgment of nonsuit.

In delivering the opinion of the court, Judge Ryon said:—

"In order to change the policy of the law it is necessary for the plaintiff to bring himself within the exception of the Act of 1848, and prove that the articles were purchased by the wife or some one for her in her name, and that they were necessary for the support and maintenance of her family, and that her husband was insolvent or refused to support her and her family, or that he was living away from her and refused to support her. When the husband, as in this case, was a laboring man and living with his family, and was able to support them, and was industrious, the wife's purchases were as the agent of her husband, and the law will not raise any inferences that the husband did not supply suffi-

cient means for a proper support of his family.   In the case before us the evidence shows nothing more than a case of sale of goods in the ordinary way, and a charge to both husband and wife.   If this is sufficient to charge the wife's estate, it is difficult to imagine a state of facts where the wife's separate estate might not be charged."

The plaintiff removed the record to the Supreme Court and assigned the entry of the judgment of nonsuit for error.

*L. Bartholomew* and *W. R. Smith,* for plaintiff in error, referred to Married Woman's Act of April 11th 1848, sect. 8, Pamph. L. 536, 1 Br. Purd. 1006, pl. 15.

*G. E. Farquhar* and *F. W. Hughes,* for defendants in error, cited Heugh *v.* Jones, 8 Casey 432 ; Glyde *v.* Keister, Id. 85 ; Robinson *v.* Wallace, 3 Wright 129 ; Mohney *v.* Evans, 1 P. F. Smith 80 ; Parke *v.* Kleeber, 1 Wright 251.

The opinion of the court was delivered, March 17th 1873, by

SHARSWOOD, J.—Before the passage of the Act of April 11th 1848, Pamph. L. 536, the plaintiff would have had no case ; not against the wife, for she could bind herself by no contract, nor against the husband, on account of the misjoinder of the wife. The husband could be made liable only for necessaries sold to the wife upon her implied authority as his agent, in like manner as when she made contracts in the course of a business, carried on with his express or implied consent : Nutz *v.* Reutter, 1 Watts 229 ; Jacobs *v.* Featherstone, 6 W. & S. 346 ; Alexander *v.* Miller, 4 Harris 215 ; Williams *v.* Coward, 1 Grant 21.   It is by the eighth section of that act, that suit is authorized against husband and wife for the price of necessaries for the support and maintenance of the family of any married woman, and the act provides that on a judgment in such action, the plaintiff shall have execution in the first instance against the husband alone, and if no property of the husband be found, an *alias* execution may issue, to be levied and satisfied out of the separate property of the wife. It is not necessary, in order to entitle the plaintiff to a judgment, that he should prove that the husband has no property, or is insolvent, or that he has refused to provide for his wife and family. He may have ample property, out of which the debt may be paid on the first execution.   It is only necessary, before judgment can be rendered against the wife in such joint action, that it should be proved that the debt sued for was contracted by the wife, and for necessaries for the support of the family of the husband and wife —the word "or," used in the act, having been construed to mean "and" : Murray *v.* Keyes, 11 Casey 384 ; Parke *v.* Kleeber, 1 Wright 251.   The book entries were not conclusive evidence of a

[Rigoney v. Neiman.]

joint contract by the husband and wife. There was evidence that the goods were purchased by the wife, and on her credit. The question, whether any, and if any, how much were necessaries for the family, was for the jury.

Judgment reversed, and *venire facias de novo* awarded.