## Huber's Estate.

*Assignment for creditors—Citation of assignee to file account by ward of assignor.*

Where there never has been an accounting in the Orphans' Court by a guardian, his wards are not in a position, as creditors, to cite their guardian's assignee for the benefit of creditors to file an account.

Rule for citation to file an account. C. P. Lancaster Co., Trust Book No. 23, page 386.

*Charles E. Workman,* for rule; *H. Edgar Sherts* and *B. F. Davis,* contra.

HASSLER, J., June 8, 1922.—On June 17, 1902, the administrators of the estate of Samuel Kort, deceased, paid to David B. Huber, who had been appointed by the Orphans' Court of this county guardian of Elizabeth Y. Kort and George Y. Kort, the petitioners, the sum of $100, one-half of which was paid to him as guardian of Elizabeth Y. Kort, and the other half as guardian of George Y. Kort. No account of the management of his wards' estate was ever filed in the Orphans' Court of this county. The said Elizabeth Y. and George Y. Kort presented this petition to this court, asking for a citation requiring the assignees for the benefit of creditors of David B. Huber to file an account.

In their answer, two of the assignees denied the right of the petitioners to have such a citation issued, for the reason that they do not show that they are creditors of said estate. It is contended that they are not creditors for the reason that there has never been any adjudication of the account of David B. Huber as their guardian in the Orphans' Court of this county, and as the assigned estate would only be liable for the balance, if any, ascertained to be due them in such adjudication, there is no valid claim against the assigned estate until that amount has been ascertained.

In Fournier *v.* Ingraham, 7 W. & S. 27, it is decided that an assignee, not having settled his account in the proper court, showing that a balance was due him from the assigned estate, has no legal or equitable claim which he can enforce against the assigned estate in the hands of the subsequently appointed assignee. In Carl *v.* Wonder, 5 Watts, 97, it is decided that if a guardian has expended moneys on behalf of his ward, or in discharge of the obligation properly created by him, he must have the account settled and his claim allowed by the proper tribunal, for without such allowance he has no valid claim. In Bowman *v.* Herr's Executors, 1 P. & W. 282, it is decided that, previously to the settlement of an account in the Orphans' Court, an action of *assumpsit* will not lie by the ward against the legal representative of his guardian to compel such settlement and the payment of the balance. In Nutz *v.* Reutter, 1 Watts, 229, it is decided that an action *ex contractu* by a ward against a guardian could not be supported, the guardian not having settled his guardianship and accounts in the Orphans' Court.

3 D. & C.

Huber's Estate.

In the distribution of the assigned estate of David B. Huber there can be no inquiry or adjudication as to what amount is actually due from him as guardian to the petitioners. That must be settled in another court, and until it is settled and the balance ascertained, the petitioners have no standing as creditors against this estate, and their petition must be dismissed.

Petition for citation dismissed.

July 12, 1922, bill of exceptions sealed for the petitioner.

From George Ross Eshleman, Lancaster, Pa.