## KING v. CLENDAMEL.

### December 18, 1837.

*Rule to show cause why nonsuit should not be taken off.*

The court will exercise a discretion in taking off a nonsuit, on the case being called for trial, where the plaintiff, before trial, has received the amount

[a] See Dorrance *v.* Scott, 3 *Whart. R.* 309.

[King v. Clendamel.]

of the debt from the defendant, and the plaintiff was unaware of the effect that his receipt might produce upon the question of costs, if the application is made by the defendant without *laches*.

In this case, the plaintiff, after the cause had been on the trial list, received from the defendant the amount of his debt, and gave a receipt in full. The case was called for trial, and the plaintiff was called, and not appearing, a nonsuit was entered. Upon affidavit presented, showing that the party plaintiff, supposed that the receipt of the debt would not subject him to costs, the court granted a rule on the plaintiff to show cause why the nonsuit should not be taken off.

C. *Ingersoll*, for plaintiff, cited 3 *E. C. L. R.* 5 ; 1 *Holt's Rep.* ; 27 *E. C. L. R.* 310.

PER CURIAM.—The rule in this case is made absolute. A judgment of nonsuit, where the plaintiff is called to trial and does not answer, is essentially a judgment by default. The defendant, by payment of the amount claimed before trial, admits the plaintiff's cause of action, and the plaintiff's receipt of the debt, accompanied by proof of his want of knowledge as to the effect it might produce as to the costs, presents a case for the equitable interference of the court, which will be exercised in all cases under the common law jurisdiction and discretion of the court, there being no prohibitory provisions of our acts of assembly, and where the application is seasonable, that is to say without unreasonable delay.

Rule absolute.

