*[PHILADELPHIA, FEBRUARY 17, 1838.]          '     [*309]

## DORRANCE *against* SCOTT and Wife.

IN ERROR.

1. The bond of a married woman, though she join in it with her husband, is absolutely void; and a judgment entered on such bond by virtue of a warrant of attorney annexed, executed by the wife together with her husband, is also void as respects the wife and her estate; and a judgment upon a *scire facias* issued upon such judgment, is also void as respects the wife and her estate. Per KENNEDY, J.

2. A married woman being seised in fee of certain real estate, her husband by deed of bargain and sale conveyed all his right, title and interest in his wife's real and personal estate to a trustee, his heirs, executors, administrators and assigns, in trust, to permit the wife to manage, let and demise the real estate, and receive the personal estate for her separate use, with power to her to bargain and sell, and by any deed, conveyance, or assurance, in the law executed under her hand and seal, in the presence of two or more credible witnesses, to grant and convey all or any part of the premises, unto any person or persons, and for such uses, &c. as she should think proper, and receive and apply the purchase-money for her sole and separate use, &c.; with power also to appoint by will. Afterwards, the husband and wife executed a bond and warrant of attorney, in the presence of two witnesses, of whom the trustee was one. Judgment was entered on the bond, by virtue of the warrant of attorney, and a *scire facias quare executionem non* was issued and judgment obtained upon it. Afterwards, the land of the wife was sold by virtue of proceedings upon a mortgage given by the husband and wife, and the surplus proceeds, after satisfying the mortgage, were brought into Court. *Held*, that the judgment on the *scire facias* was not a lien on the land; and that the plaintiff was not entitled to be paid out of the fund in Court.

THIS was a writ of error to the Court of Common Pleas of the county of Bucks; in which Court a *scire facias quare executionem non* was issued to April term 1835, by David Dorrance to the use of John Praul against Thomas M. Scott and Elizabeth his wife.

By agreement of the counsel, a case was stated for the opinion of the Court, to be considered in the nature of a special verdict, as follows.

"Robert Scott, by his last will and testament, bearing date the 12th day of February 1822, among other things made the following bequest to his daughter Elizabeth, the defendant above named, 'I give and devise to my daughter Elizabeth Scott and to her heirs, the tract of about 113 acres of land, distinguished in said draft by No. 4, with her name written therein, and all those my two houses *and lots in Riche Town or Tully Town; [*310] to hold to her, her heirs and assigns forever, she paying her said mother, my said wife, the same yearly rent that is paid

(Dorrance *v.* Scott.)

to her by my sons Samuel aforesaid, and Robert, hereafter named, during her natural life."

The said Robert Scott died in the year 1822. The widow is also dead.

On the 28th day of October, 1823, and after the decease of the said Robert Scott, Thomas M. Scott, one of the above defendants, conveyed his right and interest in the above real estate, devised to his wife, together with the personal estate, to James R. Scott, Esq. in trust for his wife the above-named Elizabeth, as follows. "The said Thomas M. Scott, for the consideration of ten dollars, hath granted, bargained and sold, released and confirmed, assigned, transferred and set over, and by these presents doth grant, bargain and sell, release and confirm, assign and transfer, and set over unto the said James R. Scott, Esquire, and to his heirs, executors, administrators and assigns, all the estate, right, title, interest, property, claim and demand whatsoever, of him the said Thomas M. Scott, of, in and to all and singular the lands, tenements and hereditaments, and real and personal estate and property, devised and bequeathed to his wife Elizabeth Scott, in and by the last will and testament and codicil of her late father, Robert Scott, late of Buck's county; to have and to hold, all and singular the premises hereby granted and assigned, with the rights, incidents and appurtenances, unto the said James R. Scott, his heirs, executors, administrators and assigns, to his and their only proper use and behoof forever; in trust, nevertheless, to permit and suffer the said Elizabeth (the wife of the said Thomas M. Scott) to manage, let and demise, the said real estate, dwell, receive and take the personal estate and property, for her sole and separate use, and for such other use or uses as she may think proper; and her receipt and receipts given and taken for the same from time to time, notwithstanding her coverture, shall be good and available in law, to all intents and purposes; and upon this further trust, that it shall and may be lawful to and for the said Elizabeth, at any time or times hereafter, notwithstanding her coverture, to bargain and sell, and by any deed or deeds, conveyances and assurances in the law, executed under her hand and seal in the presence of two or more credible witnesses, to grant and convey all or any part of the above-mentioned premises unto any person or persons, and for such use or uses, estate and estates, as she, the said Elizabeth, in her own discretion shall think proper, and receive and apply the purchase-money for her sole and separate use, or by any instrument of writing in the nature of a will or appointment, under her hand and seal, executed in the presence of two or more credible witnesses, to devise, limit or appoint the whole or any part of the

(Dorrance *v.* Scott.)

*said premises above-mentioned, to any person or persons, [*311] and for such use and uses, estate and estates, as she the said Elizabeth shall think proper to direct, limit and appoint; and for want of such deed, conveyance, limitation or appointment, then, from and immediately after the decease of the said Elizabeth, in trust, for the use and behoof of the right heirs of her the said Elizabeth, forever, and to and for no other use, intent or purpose whatsoever."

On the 20th day of April, A. D. 1830, Thomas M. Scott and Elizabeth his wife executed their bond and warrant of attorney to confess judgment to David Dorrance, conditioned for the payment of seven hundred and fifty dollars, at the expiration of one year from the date thereof, with lawful interest. [This bond was executed in the presence of James R. Scott the trustee, and John Dorrance, subscribing witnesses.]

On the 24th of April of the same year, David Dorrance assigned the bond and judgment to John Praul, the plaintiff; and on the 28th of the same month and year, judgment was entered thereupon in the Court in the Court of Common Pleas of Bucks county.

To April term 1835, a *scire facias sur judgment quare ex. non*, issued upon the said judgment; and on the twenty-eighth day of December, 1835, judgment was entered on the *scire facias* in the sum of $1005, the principal and interest up to that date.

On the 24th of July, 1824, the said Thomas M. Scott and Elizabeth his wife, executed a mortgage to Dr. Thomas M. Allen, guardian of the minor children of John Vanzant, conditioned for the payment of $1500. By process upon this mortgage, the real estate devised by the will of Robert Scott to the said Elizabeth, was sold for the sum of $5650.

It is admitted that there is sufficient money in the sheriff's hands, after paying all prior liens, to pay and satisfy the plaintiff's claim.

The question for the opinion of the Court is—whether the judgment above named, was a lien on the land sold by the sheriff at the time of the sale, and whether the said plaintiff is entitled to be paid the amount thereof out of the proceeds of the said sale.

If the Court shall be of opinion in the affirmative, then judgment to be entered for the plaintiff for the debt and interest.

If the Court should be of opinion in the negative, then judgment to be entered generally for the defendants.

This case to be considered in the nature of a special verdict, and *the judgment of the Court to be subject to a writ [*312] of error by either party."

(Dorrance *v.* Scott.)

On the 14th of March, 1837, the Court of Common Pleas ordered judgment to be entered for the defendants.

A writ of error was thereupon taken out, and on the return of the record the plaintiff assigned for error that the Court entered judgment for the defendants.

Mr. *Badger* for the ·plaintiff in error.—The first question is whether a bond executed by a married woman having a separate estate, and a power to sell, binds that estate. There is no decision to the contrary in this state. It is true that the case of *Lancaster* v. *Dolan*, (1 Rawle, 231,) is considered as limiting the wife's power in respect to her separate estate, so that she cannot go beyond the terms of the settlement, yet there was no adjudication of this question. The cases in New York and England, show that there the estate would be bound by a bond. *Jacques* v. *Methodist Church*, (17 Johns. Rep. 594); *Grigby* v. *Cox*, (1 Ves. 517); 1 Madd. Chan. 471; Clancy on Married Women, 282, 290, 335. Equity is part of the law of Pennsylvania. *Pollard* v. *Shaffer*, (1 Dall. 213). At all events the real estate of the wife having been converted into money by the proceedings on the mortgage, it has become liable to the husband's debts. *Yohe* v. *Barnett*, (1 Binn. 358); *Grider* v. *M'Clay*, (11 Serg. & R. 224); *Bear* v. *Dietz*, (1 Watts, 309). It was intended by this case to raise the question, whether the money in the sheriff's hands was not liable to an execution upon this judgment.

Mr. *Miles*, for the defendant in error.—1. The first question here is, as to the effect of the bond and judgment on the wife's *inheritance*, in respect to which she had no separate estate. Now it is settled that the bond of a *feme covert* is void. Clancy, 54, 70; *Thomas* v. *Folwell*, (2 Wharton's Rep. 16). The agreement or joinder of the husband is immaterial and does not render the bond valid against her, even if given for her debt. *Marshal* v. *Rutter*, (8 Term Rep. 545); *Marsh* v. *Hutchinson*, (2 Bos. & Pull. 296); *Chambers* v. *Donaldson*, (9 East. 471); *Bogget* v. *Frier*, (11 East. 301). *Non constat*, that the bond was given for her debt. If the bond was void, the judgment must be not less so as against her; and this may be inquired into collaterally. *Catlin* v. *Robinson*, (2 Watts, 379); 2 Wharton's Dig. 351; *Beideman* v. *Vanderslice*, (2 Rawle, 334); *Pullen* v. *Rianhard*, (1 Wharton's Rep. 514).

2. As to the life estate conveyed to her separate use:—there being no authority to affect it in any other way than by a sale and conveyance, the cases of *Lancaster* v. *Dolan*, and *Thomas* v. *Folwell*, show that the bond was ineffectual for the purpose.

(Dorrance *v.* Scott.)

*3. The question whether an execution upon the judg- [*313]
ment would affect the money in the sheriff's hands, is
not raised by this case.   But it is certain that it would not.
The husband had divested himself of all interest by his deed of
1823, and his subsequent creditors have no right in law or
equity, to attach this fund.   *Bouslaugh* v. *Bouslaugh*, (17 Serg.
& Rawle, 361); *M'Kennon* v. *Phillips*, (cited Ibid.); *Dennison*
v. *Nigh*, (2 Watts, 90); *Stoebler* v. *Knerr*, (5 Watts, 181).

The opinion of the court was delivered by

KENNEDY, J.—The plaintiff here, claims to have his judgment
against Thomas M. Scott and Elizabeth his wife, satisfied out of
the moneys arising from the sale of land belonging to the wife,
of which she was seised in fee.   If the judgment was a lien upon
it, at the time of the sale, the plaintiff is no doubt entitled to be
paid out of the moneys arising therefrom, otherwise, not.

From the case as stated, it appears that the judgment was
entered upon a bond and warrant of attorney, executed by the
husband and wife, during the coverture of the latter, to the
plaintiff.   Now, as regards the wife, I take the bond and warrant
of attorney to be not merely *voidable*, but absolutely *void*.   She
is considered in law as totally incompetent to execute either.
By the common law, a deed acknowledged by the husband and
wife binds the husband alone, and can only be enrolled as his
deed.   It is with a view to protect wives, who are entirely sub-
ject to the will of their respective husbands, that courts are not
even allowed to take such obligation; and if they do, such acts
will be considered *extra-judicial*.   Gilb. on Uses and Trusts,
109, 300; 2 Inst. 673.   The plea of *non est factum* is well sup-
ported by evidence of coverture.   Anon. 12 Mod. 609; Anon.
6 Mod. 230; *Lambert* v. *Atkins*, (2 Camp. Ca. 272).   So abso-
lutely void is the deed or bond of a married woman in contem-
plation of law, that her coverture at the time of the execution
thereof, may be given in evidence, for the purpose of showing
that it is so, either under the plea of *non est factum*, or it may
be pleaded specially, without being obnoxious to the objection,
that it amounts to the general issue, and therefore is not good.
*James* v. *Fowks*, (12 Mod. 101); *Lambert* v. *Atkins*, (2 Camp.
273).   In this latter case, Lord Ellenborough lays down the
following distinction : "If a deed be executed by a married
woman, it is *absolutely void, ab initio ;* and I have always under-
stood the rule to be, that what shows the deed to be *void* is good
evidence under the plea of *non est factum ;* and that a special
plea is only necessary where the deed is *voidable*."   See also
*Norton* v. *Turville*, (2 P. Wms. 145,) per Master of the Rolls.
Accordingly, in *Read* v. *Jewson*, (4 Term. Rep. 362,) cited from

(Dorrance *v.* Scott.)

a note per Buller, Justice, where a *feme covert*, sole trader, gave
a bond and warrant of attorney to enter up judgment, *on
[*314] which the plaintiff took out execution, the Court held
the warrant of attorney *void*, and set aside the judgment as
entered without authority. "The letter of attorney," says
Aston, Justice, "is an *absolute nullity.*" And in *Lady Cha-
worth's Case,* (1 Lev. 51 ; s. c. 1 Keb. 194, pl. 180,) the hus-
band having confessed a judgment against himself and his wife,
according to a practice that seems to have prevailed to some
extent at that day, as for a debt due by the wife whilst sole,
upon which he and she were both taken in execution, and it ap-
pearing upon examination, that the debt was contracted after
marriage, the Court discharged the wife from the execution. So
the principle of her incompetency to act in such matters, has
been extended so far as to render her incapable of taking a judg-
ment bond to herself personally ; and, accordingly, a judgment
entered up on a bond and warrant of attorney given by the de-
fendant therein to her, as an indemnity for having become his
surety, in a bond upon which she paid the money, was held by
the Court to be *void*, as well as the bond given by her ; and,
therefore, the Court set the judgment aside. *Roberts* v. *Pierson*,
(2 Wils. 3).

The fact of Elizabeth Scott, the wife of Thomas M. Scott,
being a married woman at the time of the execution of the bond
and warrant of attorney upon which the judgment was entered
up against her, is admitted by the case as stated, which leaves no
room whatever, for the presumption of any possible ground upon
which it can be sustained. It must therefore be deemed, accord-
ing to all the authorities on the subject, as void against her for
want of authority to enter it; and consequently can be no lien
upon her real estate as such. This also determines the want of
efficacy in the judgment rendered against her upon the writ of
*scire facias*, sued out on the first judgment; because the judg-
ment in the *scire facias* being dependant upon the first as its
foundation, must also be considered *void* as against the wife, for
want of a valid judgment to support it. *Dr. Drury's case,* (8
Co. 284); 1 Roll. Abr. 677, pl. 6 ; see also *placita*, 2, 3, and
5; 1 Sid. 253 ; Palm. 187, 302, 303 ; Cro. Jac. 645. It there-
fore follows as a necessary consequence, that the interest or
estate of the wife in the land sold, was not bound by the judg-
ment rendered against the husband and herself in the *scire facias*.
And although the judgment is good against him, yet it appears
that he had no interest or estate whatever in the land, either
equitable or legal, to be bound by it; for he had some six or
seven years previously to the giving of the bond and warrant of
attorney, whereon the judgment was entered up, conveyed all his

(Dorrance *v.* Scott.)

interest and estate in the land to James R. Scott, in trust, for the sole and separate use of his wife Elizabeth.   Hence, he can have no interest in the money arising from the sale of it, unless he be allowed to take advantage of his own wrong or default, by not having paid off the mortgage debt, and thus prevented the land from *being sold, as he was bound to have done.   [*315] He then having no interest in the money, it would seem to follow of course, that the plaintiff, as his judgment creditor, can have no claim to any portion of it, on the ground of interest in the husband.

But it has been argued on behalf of the plaintiff, that the bond to him being executed by the wife, " under her hand and seal, in the presence of two credible witnesses," in conformity, as it is contended, to the power and provisions contained in the deed of trust, must therefore be considered as a charge in equity, upon her separate interest and estate in the land sold : and consequently gives to the plaintiff a right to have the amount of his bond paid out of the money arising therefrom.   It is true, that by the terms of the deed of trust, the wife is apparently authorised, " notwithstanding her coverture, to bargain and sell, and by deed under her hand and seal, in the presence of two or more credible witnesses, to grant and convey all or any part of the land to any person or persons, and for such use and uses, as she pleases ; and to apply the purchase money arising therefrom also as she pleases ; or by any instrument of writing in the nature of a will or appointment, executed under her hand and seal, in the presence of two or more credible witnesses, to devise, limit or appoint the whole or any part thereof, to any uses or purposes that she may think proper," yet still it is difficult to satisfy the mind that a simple obligation, merely for the payment of money falls within the scope of the authority thus expressed and declared.   Whether the wife, being seised of the inheritance in the land, and invested with the legal title thereto, in the same manner after the execution of the deed as before, for it must be observed she did not join in it, acquired a sufficient power by the deed, to dispose of the inheritance in the land, by a deed, even of conveyance, without her husband joining therein, and thus evade, seemingly, the acts of assembly on this subject, which require, in order to pass such interest by a married woman as long as she remains so, that she and her husband should join in the execution of the deed, and that she should be examined touching her voluntary execution thereof before a proper officer, separate and apart from her husband, &c., is a question which need not be inquired into nor decided here ; because it appears to be an insuperable objection without more to the bond's being considered a charge upon the land, that there is nothing on the face of it, nor appended to it

in any way, going to show that such was the design of the parties. The bare giving of it, without mention therein or reference to the land whatever, though a judgment-bond, cannot of itself be made to imply an intention that it was given for the purpose of charging the land with the amount of the debt therein mentioned, under the authority contained in the deed of trust. See Clancy on the Rights, &c. of Married Women, 131, *et seq.* But besides, I am inclined to think that a bond being a mere personal engagement, does not come within the terms of the *deed of trust, and that the wife, by means of it, was not thereby authorised, indirectly as it were, to charge the land in question. And it is clear that according to the principle established in *Lancaster* v. *Dolan,* (1 Rawle, 231,) a *feme covert* can only charge her separate estate in the manner and form prescribed and provided by the instrument creating and giving her the power.—The judgment of the Court below is therefore affirmed.

[*316]

Judgment affirmed.

Cited by Counsel, *post* 386 ; 4 Wharton, 449 ; 4 Watts & Sergeant, 219 ; 5 Id. 505 ; 8 Id. 118 ; 1 Barr, 117 ; 4 Harris, 356 ; 9 Id. 440 ; 12 Id. 19, 255, 369, 430, 493 ; 10 Casey, 85 ; 2 Wright, 43, 147 ; 8 Id. 228 ; 11 Id. 70 ; 4 P. F. Smith, 302 ; 7 Id. 256 ; 1 Grant, 467.
Cited in note, 2 Miles, 168.
Cited by the Court below, 7 Casey, 153.
Cited by the Court, 9 Watts, 138 ; 1 Harris, 580 ; 6 Id. 82 ; 10 Id. 338 ; 8 Casey, 87 ; 7 Wright, 66 ; 10 Id. 399, 456 ; 11 Id. 310 ; 2 P. F. Smith, 403 ; 4 Id. 123 ; 8 Id. 495 ; 10 Id. 495 ; Brightly, 141.
Doubted as to the invalidity of the judgment on the *scire facias.* 1 P. F. Smith, 118 ; see 1 Jones, 425 ; 7 Wright, 293.
See also 2 Harris, 540 ; 3 Wright, 301. A bond of a married woman for purchase money of land is for some purposes valid. 1 Casey, 82 ; 2 Wright, 147 ; 4 Id. 145 ; 6 Id. 329.