*Court of Common Pleas, Dauphin County, July 20th*, 1855.

### BUFFINGTON *v.* HENRY ET UX.

When judgments were obtained before a justice of the ·peace, and transcripts entered in the Court of Common Pleas, these judgments can only be set aside on certiorari or appeal · but when entered against a married woman, except in cases under the act of 1848, they are so far void that executions issued thereon will be set aside.

BY THE COURT:—The judgment in this case having been rendered by a justice of the peace, and the transcript filed for the purpose of obtaining a lien merely, is not properly and judicially before us. The only legal method of placing it within the control of the court is by certiorari or appeal. It has long since been decided that the Court of Common Pleas cannot strike off the lien (12 S. & R. 72); and although that case appeared to be shaken by what fell from Gibson, C. J., in King *v.* King (1 Penna. 20), and Walker *v.* Lyon (3 Penna. 98), yet it receives confirmation from the decision of Black, C. J., in 7 H. 495; where it is declared that the Common Pleas cannot open the judgment under any circumstances, nor disturb it unless brought before them on appeal or certiorari. It is very clear to our mind that the judgment rendered by the justice against Mrs. Henry is entirely irregular. Being a married woman, she was not subject to an action; and even her confession of judgment, like her bond with warrant of attorney, would have been void. The present was not even a judgment on hearing, but by default. It may be well asked, how can a married woman be in default? She is not obliged to attend in person, or employ an attorney. Her husband is to perform these acts for her. If it appeared in the face of the record that J. N. Henry, therein named, was a married woman, I should consider the judgment so far a nullity that we would be obliged to set aside any and every execution issued upon it. Although the coverture does not appear upon the face of the record, yet it is shown by affidavit. If her person were arrested under the judgment, we should be obliged to discharge her on a *habeas corpus*, independent of the law exempting females from arrest. If her personal property were seized, the officers issuing and executing the process would probably be trespassers, on the coverture being made to appear on proof that they knew it. If her land should be sold, it is very clear that it would not give the purchaser a shadow of title, provided he had notice of the marriage. This is fully considered and decided in Caldwell *v.* Walters (6 H. 79), and Dorrance *v.* Scott (3 Wh. 309), and according to the last-named case, if her land were sold on other and valid process, and the money brought into court for distribution, this creditor would not take any of it on his judgment, it being no lien, but *void*. That

case was stronger than the present, for there, on a judgment entered against husband and wife, on a warrant of attorney, a *scire facias* issued in a common-law court to revive it, and a regular judgment entered thereon after appearance; yet it was held to be absolutely void as to the wife's property, and no lien thereon. It is true that both of the above cases arose before the act of 1848, generally called "The Married Woman's Act;" but repeated decisions have settled that the act referred to makes no change whatever, either in regard to the right or power of married women in this particular. They are no more subject to actions now, except in certain enumerated and specified cases, than they were before its passage. Although we have no power over this judgment, yet we have over the execution, which is process issued under the sanction of the court. We cannot knowingly permit purchasers at sheriff's sale to be deceived by bidding in property on a proceeding so far void that they can obtain no title. Mrs. Henry would recover back her real estate, should the purchaser obtain possession; or could lawfully withhold possession, notwithstanding his sheriff's deed and the payment of his money. We consider it our duty to protect society against such imposition, and must, therefore, set aside the *fi. fa.* and all subsequent proceedings. The judgment we cannot disturb. It is probably very harmless, being void as to Mrs. Henry, against whom alone it is entered.

It is ordered that the *fi. fa.* and all subsequent proceedings be set aside at plaintiff's costs.

*Boas, for plaintiff.*

*McAllister, for defendant.*