### Glyde *versus* Keister.

1. At common law, the bond of a married woman, either with or without a warrant of attorney to confess judgment thereon, was absolutely void.

2. The Act of 11th April, 1848, does not remove the disability of the wife, resulting from the marriage contract, to bind herself by bond.

3. The provision in the Married Woman's Act of 11th April, 1848, that it shall not be construed to protect her property from liability for debts contracted by herself, has reference only to debts contracted before her marriage.

4. A debt contracted by a *feme covert*, for necessaries for the maintenance of her family, is valid; but a bond given, in satisfaction for such a debt, is not.

5. The bond of a *feme covert* is not aided by her written consent, endorsed on the bond, and acknowledged before a judge of the Court of Common Pleas.

ERROR to the District Court of *Allegheny county.*

On the 4th day of October, 1850, judgment was entered in the court below, on a bond and warrant of attorney, executed by Jacob Keister and Harriet Keister, his wife, to Benjamin Glyde, dated October 3, 1850, conditioned for the payment of $297.23. On the back of the bond was endorsed the written consent of the wife, signed by her, and acknowledged before the president judge of the Court of Common Pleas, previous to the execution of the bond, on the — day of September, 1850.

A *scire facias* on this judgment was also issued to November Term, 1855, and judgment by default obtained therein against both defendants; and on the 19th June, 1857, the amount was liquidated, at $272.57.

On the 8th of May, 1858, a rule was obtained to show cause why the original judgment, and all subsequent proceedings, should not be set aside, as to said Harriet Keister, one of the defendants, on the ground that she was a married woman, the wife of the other defendant; and on the 1st day of July, 1858, this rule was made absolute.

To this latter judgment, the writ of error was taken by the plaintiff, and it was assigned for error, that the court below erred in setting aside and annulling the judgment as to Harriet Keister.

*George P. Hamilton,* for plaintiff in error.

The mere fact of coverture does not make the bond or obligation of a woman void; for it may have been given for a debt contracted by herself, or for necessaries furnished to her family, either or both of which considerations would make it valid.

Aside from the antiquity of this judgment, and the opportunity of making defence to it on the *scire facias,* the defendant should have been required to negative every fact, the existence of which would have rendered valid the authority to enter it. It must be a strong case that will justify the court in striking off a judgment, such as fraud or perjury. *Humphreys* v. *Rawn,* 8 Watts, 80.

The bond is executed by both defendants, and contains the written acknowledgment of the wife, executed pursuant to the Act of Assembly of 11th April, 1848. Before that act, the wife might sell or mortgage her separate estate for her husband's debts. Her power in this respect is extended, for she may " encumber" by judgment; provided, the authority to confess it, contains " her written consent," acknowledged, &c.

The execution of the bond by the defendant, and her written consent thereto, might be considered as a sufficient authority to

[Glyde *v.* Keister.]

her husband to encumber her separate estate.  *Stoops* v. *Black-ford*, 3 Casey, 213.

He also cited 7 Harris, 361; 6 Id. 506; 1 Casey, 81; Ib. 144. In no case where the husband and wife united in the deed or obligation, and the same was acknowledged by the wife, in conformity to the Act of 1848, have they been held void.

*Woods* and *Hasbrouk*, for defendants in error.

The judgment, as also the *scire facias* thereon, was absolutely void as to Harriet Keister, the wife. The bond of a married woman was void at common law. *Dorrance* v. *Scott*, 3 Wharton, 313; *Caldwell* v. *Walters*, 6 Harris, 79. And her bond is not aided by the Act of 11th April, 1848. · Nor does the acknowledgment of the wife's consent, on this bond, give any validity to it. It is not such a conveyance or encumbrance of her separate estate as is contemplated by that act, requiring such acknowledgment. It does not refer or relate to any of her property. The Act of 11th April, 1848, is a *restraining*, and not an *enabling* statute. It was "an act to secure the rights of married women," and cannot be invoked to bind a wife by such a bond as this, contrary to the common law.

The opinion of the court was delivered November 29, 1858, by

STRONG, J.—At common law, the bond of a married woman, either with or without a warrant of attorney to confess judgment thereon, was absolutely void.

Of course, a judgment entered upon it was a nullity, as against her, for she could give no authority to enter it. Whenever, therefore, such a judgment has been entered, the courts have uniformly, on motion, ordered it to be stricken from the record. 4 Term Rep. 362; *Reed* v. *Jewson*, 3 Wharton, 309; *Dorrance* v. *Scott*, also *Caldwell* v. *Walters*, 6 Harris, 79. In *Dorrance* v. *Scott*, it was not only held that a judgment was void, which had been entered on a bond with a warrant of attorney to confess judgment, given by a married woman, and in which her husband joined, but it was also ruled, that even where a *scire facias* had been issued upon such a record, and judgment had been obtained thereon, the judgment in the *scire facias* was no lien upon the wife's lands. In *Caldwell* v. *Walters*, it was held, that a sheriff's sale of a wife's land, under a judgment entered upon a bond of a husband and wife, with a warrant of attorney, passed no title to the purchaser.

Nor does the Act of 11th April, 1848, remove the wife's disability to enter into such a contract, resulting from the marriage relation. It is a mistaken supposition, that the act was intended to take away any of the safeguards which the law had previously thrown around her property. Her right to use and enjoy is enlarged, but not her power of disposition. The same things are

[Johnston's Adm'rs *v.* Johnston.]

essential now to a valid conveyance of her real estate, which were requisite under the Act of 1770.   The husband must still join in in a deed with her.   She may, indeed, by a written contract, acknowledged in a designated mode, empower her husband to dispose of her property ; but she can herself make no contract now, which she could not have made before the Act of 1848.

Happily for her, the purpose of this statute was not to make her a *feme sole,* as to all the rights of disposition and encumbrance of her property, but to secure her in its undisturbed enjoyment.   It is a shield against the husband and his creditors. It is true that it declares that it shall not be construed to protect her property from liability for debts contracted by herself; but this has reference only to debts contracted by her before marriage ; from liability for which, the husband, by the same act, is exempted ; and debts contracted for necessaries for support and maintenance of her family.   A debt incurred by her for such a purpose is valid, but a bond given in satisfaction for such a debt is not.

An infant may be liable for necessaries, but there can be no recovery upon his bond, even though given for necessaries.   Much more, therefore, should this rule prevail in the case of a *feme covert ;* for an infant's contracts are generally but voidable, while hers are generally void.

The plaintiff's case is not aided by the written consent endorsed on the bond, and acknowledged before a judge of the Court of Common Pleas.   That is only available to enable her husband to sell, convey, mortgage, transfer, or encumber her property; not to enlarge her own powers.   This bond was not an authority to her husband to encumber it; but it was an attempt to encumber it herself.

There was no error, therefore, in the action of the District Court.

The order setting aside the judgment as to Harriet Keister is affirmed.