*Twenty-sixth Judicial District.*

In the Court of Common Pleas of Wyoming County.

## LUTES *v.* THOMPSON.

1. The giving of a judgment note by a minor is void.
2. That the retaining of the property, for which the judgment note was given, after the minor became of age does not ratify the contract and make the note valid.
3. The Court in this and similar cases have the right to strike off judgment.

**Rule to show cause why judgment shall not be stricken off, on the ground that the defendant was a minor when he gave the note.**

Opinion delivered January 31, 1874, by

ELWELL, P. J. Was the confession of judgment by the defendant in his note of 27 January, 1873, absolutely void at the time he made it. That he was then an infant is admitted by the plaintiff in the depositions filed of record, and by his counsel on the argument. In Knox *v.* Fleck, 10 Harris, 337, it is held that authority in a note signed by an infant to a prothonotary to enter judgment is void, just as the warrant of attorney of a married woman is void.

The bond or warrant of attorney of a married woman is *absolutely* void Dorrance *v.* Scott, 3 Whart. 309 ; Caldwell *v.* Walters, 6 Harris, 79 ; Glyde *v* Reisler, 8 Casey, 87.

That is *absolutely* void which the law or nature of things forbids to be enforced, and that is relatively void which the law condemns as a wrong to individuals, and refuses to enforce against them per Lowrie, J., 8 Wright, 9. Contracts of married woman belong to the class which are *absolutely* void.

The term *voidable* is now the usual predicate of contracts by infants. In the note to 1 Parson's Cont., 244, it is stated that recent authorities incline to hold that all, (or all with a single exception,) an infants contracts to be voidable and not void. See also id. p. 276, in note.

What that single exception is the author does not state, but from the examination of the authorities, it would appear to be the making of a power of attorney, specially of a power to confess judgment.

The supreme court of Maine in the case of Robinson *v.* Weeks, see 8 Am. Law Register, 557, held that the contracts of minors may be divided into three classes.

1. Binding for necessaries at fair and just rates.

2. Void if manifestly and necessarily prejudicial as of suretyship, gift, naked release, appointment of agents, confession of judgment, or the like.

3. Voidable at the election of the minor either during his minority, or within a reasonable time after he became of age.

A confession of judgment is necessarily prejudicial to a minor in making defence against his contract for the reason that in order to be allowed to make his defence of infancy, at the time of entering into the contract, he is obliged to apply to the court to permit him to make his defence and for that purpose to open the judgment. This application being addressed to the discretion of the court, may be refused if the confession were to be held voidable only and not void, he would be bound by an act done at a time when he had no legal capacity to perform it.

But it is claimed that by retaining the property purchased after he became of age, the defendant ratified the whole of the contract including the confession of judgment. To the argument on this position there is a complete answer. If the power to enter the judgment was void, it was incapable of ratification, that it is void, is in accordance with the doctrine of every court, English and American, to which a similar question has been presented.

Whether the reasons for the rule are satisfactory or not, the rule itself is established by a conclusive weight of authority. 1 Am. Leading Cases 106, in note.

That the court has authority and that it is its duty to strike off a judgment entered upon a confession of judgment or warrant of attorney, is clearly settled by the cases of Hutchinson *v.* Leslie, 12 Casey, 112, and Knox *v.* Fleck, *supra.*

Rule made absolute.