MAY TERM, 1882, No. 65.                              JUNE 1, 1882.

## Appeal of A. Douden.

1. A mechanic's lien filed against the estate of a married woman is absolutely void, unless it shows upon its face all that is necessary to give it effect.

2. A judgment obtained on a *scire facias* issued upon such void lien is also void as against the mortgagee of the married woman, and an auditor appointed by the Court to distribute a fund should disregard it.

Before SHARSWOOD, C. J.; MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Appeal of A. Douden from the decree of the Court of Common Pleas of *Dauphin County*, confirming the report of an auditor and directing the assignee of John P. Woland and wife to pay to the Mifflintown and Patterson Building and Loan Association certain moneys.

On the 20th of February, A. D. 1878, John P. Woland and Lydia B., his wife, made an assignment for benefit of creditors to John K. McGann. The entire assigned estate consisted of a single lot of ground, situated in Halifax township, Dauphin county, Pa., and on which was erected a frame cottage. On December 7, 1878, the assignee, under an order of Court, sold the said property for the sum of six hundred dollars. On the 25th of March, 1881, the assignee filed his account in obedience to a citation issued for that purpose.

On May 12, 1881, Robert Snodgrass was appointed auditor to pass upon the exceptions filed, and surcharge the accountant, if liable, and to make distributions to and among his creditors.

The auditor surcharged the assignee with interest, making the balance in the hands of the assignee for distribution to lien creditors the sum of $444 69.

The lot of ground was conveyed by Adam Lime to Lydia B. Woland December 12, 1873, and the deed for the same was not recorded until January 19, 1880.

Early in the year 1874, the erection of a frame dwelling was commenced on said lot of ground and completed during that year. A. Douden, a manufacturer of lumber, owning a planing-mill at Millersburg, Pa., furnished all the lumber and wood material in the construction and

VOL. III.—9

[Appeal of A. Douden.]

erection of said building, and filed, April 26, 1875, a mechanic's lien against the said building and curtilage, under the provisions of the act of Assembly providing for such liens, for the sum of $338 31. The lien was entered against John P. Woland and Lydia B. Woland. She was not described either in the lien or bill of particulars as a married woman. A *scire facias* on this lien was regularly issued to No. 718, April term, 1880, appearance entered by defendant and judgment obtained July 26, 1880, for want of an affidavit of defense for $462 37, with interest and costs.

It was conceded that the Mifflintown and Patterson Building and Loan Association was entitled to the amount awarded to judgment No. 297, November term, 1877, viz: $221 83, which was a lien at the time Lydia B. Woland acquired title and since revived.

In addition to the last-mentioned judgment, the building association held a mortgage for $400 upon said real estate, given by John P. Woland and wife, on July 27, 1874, and recorded December 3, 1874.

The actual amount in dispute, therefore, was only $222 66, and this sum was claimed by the Building and Loan Association and also by Douden. The claim of the former is founded upon said mortgage.

The claim of Douden was founded on his mechanic's lien. The auditor held that he could not inquire into the validity of the judgment on the *scire facias*, and awarded to the judgment on mechanic's lien of A. Douden the sum of $222 66, to which exceptions were filed by the Mifflintown and Patterson Building and Loan Association.

The opinion of the Court below was delivered by HENDERSON, J., as follows:

"The Mifflintown and Patterson Loan and Saving Association denies the validity of the mechanic's lien of A. Douden, and the judgment thereon entered to No. 718, April term, 1880, against John P. Woland and Lydia B. Woland, and contends that the same created no lien against the estate of Mrs. Lydia P. Woland, a married woman.

"It is earnestly argued and many cases are cited and relied upon to show the defective character of the claim filed, and its insufficiency to charge the lien upon the wife's separate estate. We cannot say, upon the inspection of the record merely, that this lien is absolutely void. It is entered against J. P. Woland and Lydia B. Woland, owners, or reputed owners, and contractors for lumber furnished and work done by A. Douden. The property

out of which the fund arises for distribution is accurately described, and the fact is it belonged to Lydia B. Woland, a married woman, and the contract was made and lien entered during coverture. There are no averments that conclude her. This much is perhaps conceded. But a *scire facias* was issued and judgment entered upon it. What then? 'The auditor had not power to go behind the judgment in the *amicable scire facias* in the case of Emiline Lutz *v.* John Edwards, and declare it void and no lien for want of a stamp, or on any other ground of irregularity': Edwards' Appeal, 16 P. F. S., 90.   'It is only when void that a judgment may be disregarded, because in that case it is incapable of giving or continuing a lien.'   Now turn to Brunner's Appeal, 11 Wright, 75: 'We hold that the judgment given by Magdalena Hoffman to the appellant was void and no lien upon the land sold.   Being absolutely void, the auditor's duty was to disregard it.'   So far as we can judge from the report of this case, the fact of coverture did not appear on the face of this record.   The judgment was entered, apparently, against Magdalena Hoffman.   But what of this?   'Had it been only voidable, application should have been made to the Court to rid the record of it, and that might have been done either by the obligor in the bond or a mortgagee claiming under her.'   'But the rule enunciated in Dyott's Estate, 2 W. and S., 557, is inapplicable to a judgment void on its face.'

"Here, now, this judgment, in the light of the evidence and admitted facts, is absolutely void, and should have been so declared by the auditor.   But granting that it is only voidable, the Court may set it aside either upon the application of the defendant or of a mortgagee claiming under her.   The wife does not and need not speak during coverture.

"To require her to do this, would deny her the protection the law throws around her in the possession and enjoyment of her separate estate, or, perhaps, expose her to unseemly contests with her husband.   We must disregard this judgment in the distribution of the fund in controversy.   We think, with the facts before us, the auditor erred in finding that the judgment of A. Douden was a valid lien against the property of Mrs. Lydia B. Woland, and awarding any part of the fund to him.

"We direct that the auditor's report be corrected, in accordance with this opinion."

The auditor afterwards filed his amended report, awarding the said balance of $222 66 to the Mifflintown Build-

ing and Loan Association in accordance with the above opinion.

Counsel for A. Douden filed the following exceptions to the amended report:

*First.* The auditor erred in disallowing judgment No. 718, April T., 1880, of A. Douden.

*Second.* He erred in passing by and disregarding said judgment of A. Douden, No. 718, April T., 1880, and in distributing amount due thereon to mortgage of Mifflintown Building and Loan Association, which was a lien upon assignor's real estate of a subsequent date to that of said judgment of A. Douden.

*Third.* He erred in not treating said judgment of A. Douden as absolutely valid and a legal and binding lien upon said assignor's real estate, and as such entitled to participate in said distribution.

On March 6, 1882, the exceptions were overruled and the report confirmed absolutely.

The exceptant then took out a *certiorari*, assigning as error the overruling of the exceptions and the confirmation of the report.

*J. M. Wiestling* and *S. S. Bowman* for appellant.

A lien defective against the property of a *feme covert* is not void as to third parties or subsequent creditors: Dearie *v.* Martin, 28 P. F. Sm., 55; Lloyd *v.* Hibbs, 31 P. F. Sm., 306; Schriffer *v.* Saum, *Ibid*, 385; Shannon *v.* Shultz, 6 Norris, 481; Kuhns *v.* Turney, *Ibid*, 497; Loomis *v.* Fry, 10 Norris, 396; Brown *v.* Bennett, 25 P. F. Sm., 420.

The validity of a mechanics' lien can only be inquired into on demurrer or motion to strike off: Sholl *v.* Gerhab, 12 Norris, 346; 5 W & S., 262; 12 Casey, 347; 16 P. F. Sm., 340; 25 *Ibid*, 388; 2 Wr., 471; 25 P. F. Sm., 388.

The auditor cannot inquire into the validity of the judgment: 4 Watts, 341; 2 W. & S., 557; 6 W. & S., 315; 7 P. F. Sm., 175; 6 W. N. C., 153; 16 P. F. Sm., 90; 1 Nor., 68; 5 W. & S., 473; 8 Barr, 477; 19 P. F. Sm., 16; 4 P. F. Sm., 120; 17 P. F. Sm., 459; 7 W. R., 279.

*Hall & Jordan* for appellee.

The lien does not set out the requisites to make it valid against a married woman's property, and is, therefore, void: Steinman *v.* Henderson, 13 Nor., 313; Loomis *v.* Fry, 10 Nor., 396; Shannon *v.* Shultz, 6 Nor., 481; Schriffer *v.* Saum, 31 P. F. Sm., 385; Dearie *v.* Martin, 28 P. F. Sm., 55.

[Wareham *v.* Hummel.]

A judgment on a mechanics' lien is not even *prima facie* evidence as against other lien creditors: 1 Tr. & H. Pr. S., 1332; Denkel's Est., 1 Pears, 213; Smedley *v.* Conaway, 5 Clark, 417; Norris' Appeal, 6 Casey, 122; Field *v.* Oberteuffer, 2 Phila., 271; Knabb's Appeal, 10 Barr, 186, and may be disregarded or set aside by the auditors: Knabb's Appeal, 10 Barr, 186; Hauer's Appeal, 5 W. S., 473; Smedley *v.* Conaway, 5 Clark, 423.

OCTOBER 2D, 1882.—PER CURIAM: The mechanics' lien of the appellant being entered against the estate of a married woman was absolutely void. Such a claim must show upon its face all that is necessary to give it effect. This is well settled; but it is contended that judgment having been entered on the *scire facias*, it became good and available, at least as against other lien creditors. To say that it is void against the married woman, makes it void also against her mortgagee, who stands in her shoes: Dorrance *v.* Scott, 3 Whart., 309.

Decree affirmed and appeal dismissed at the costs of the appellant.