## Christner *versus* Hochstetler.

1. A judgment confessed on a note with warrant of attorney, signed by a married woman, is void, except when the note is given for purchase money of land conveyed to her, and forms part of the transaction; then the judgment thereon will be a valid lien against the land, but not a charge against the *feme covert*, personally.

2. A. sold and conveyed certain land to his daughter B., a married woman. She gave him, at the time, a judgment note for $2,600, payable in yearly instalments of $200 each, for part of the purchase money. Upon this note A. entered judgment, February 21st, 1877. On February 21st, 1880, A. gave B. a receipt in full for this judgment, which was entered of record. This was done at B.'s request to enable her to make a clear title to a prospective purchaser of the land. The sale was not consummated, however, and on April 1st, 1880, B. gave A. another judgment note for $3,500, payable one day after date, and containing a waiver of inquisition and exemption. A. entered judgment on this note, and in pursuance thereof the land was sold by the sheriff to A., who conveyed to C. Subsequently B. died, and her husband brought ejectment against C., alleging that the $3,500 judgment was invalid, because founded on the note of a *feme covert.* The $2,600 note was never paid, and C. contended that the one for $3,500 was for the same consideration, with the addition of $900, which he claimed, A. had also advanced to B. on the purchase:

   *Held,* that the $3,500 note, and the judgment based thereon, were void. It constituted no part of the condition or charge upon which B. took the land. A. satisfied the $2,600 judgment, and it was gone. In taking the new note, he intended to include what was owing—though not due—on the old note, and also another sum. The *feme covert* had no power to make the new note.

February 10th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J., absent.

ERROR to the Court of Common Pleas of *Somerset county:* Of July Term, 1884, No. 28.

Ejectment, by Joseph Christner against John A. Hochstetler, to recover the interest claimed by the plaintiff, as tenant by the curtesy in a certain tract of land in Elklick township.

On the trial, before BAER, P. J., the following facts appeared: Both parties claimed through Mary Christner, the wife of the plaintiff. In 1877 John Keim, Sr., Mrs. Christner's father, sold and conveyed the land to her, the deed being made in her name and duly delivered to her on February 8th,

[Christner *v.* Hochstetler.]

at which date she gave Keim her judgment note for $2,600, the balance of unpaid purchase money. The consideration recited in the deed was $3,500. The judgment note was payable as follows: $200 on the first of April, 1880, and $200 yearly until April 1st, 1892; and it contained no waiver of exemption or of inquisition.

On February 21st, 1877, judgment was entered on this note. On February 21st, 1880, Mr. Keim executed a receipt for this judgment, which was duly entered of record. This was done in order to allow Mrs. Christner, who was negotiating for the sale of the property, to make a clear title. The sale fell through, however, and on April 1st, 1880, Mrs. Christner executed another judgment note to Keim for $3,500. This note was payable one day after date, and contained a waiver of inquisition and exemption.

On April 12th, 1880, judgment was entered on this note to 304 April Term, 1880, and in pursuance of this judgment a *vend. ex.* was issued, and the property in suit sold by the sheriff to Keim, November 5th, 1880, for $500. On December 7th following, Keim conveyed to Hochstetler, the defendant.

Mrs. Christner died June 1st, 1882, leaving to survive her Joseph Christner, her husband, and several children. Joseph Christner brought this suit to recover his interest in the land, as tenant by the curtesy, claiming that the judgment against Mary Christner upon which the land was sold to Keim was void, because she was a married woman. On the other hand it was claimed that it was a purchase money judgment, and therefore the proceedings were valid.

The court instructed the jury to find for the plaintiff, but on the question of law reserved, namely, whether the judgment entered to No. 304 April Term, 1880, in favor of John Keim, was a valid judgment for purchase money of the land in dispute,—entered judgment *non obstante veredicto* in favor of the defendant.

Thereupon the plaintiff took this writ, assigning for error the ruling of the court in entering judgment *non obstante veredicto* on the point reserved.

*Coffroth* and *Valentine Hay* (with whom was *Ruppel*), for plaintiff in error.—The rule is that a married woman's bond is absolutely void, and a judgment thereon creates no lien: Dorrance *v.* Scott, 3 Whar., 309. The one exception to this rule is when the married woman's bond is given to procure the title and secure the purchase money of real estate. It is alleged by the defendant that the judgment for $3,500 was given as the consideration for the land in dispute, and it is argued that it was therefore a lien on the land, under Patter-

[Christner v. Hochstetler.]

son *v.* Robinson, 1 Casey, 81, and Ramborger's Adm'rs *v.* In-graham, 2 Wr., 146.   But even assuming, as the court below did, that the $2.600 judgment was never paid by Mrs. Christ-ner, nor relinquished by Mr. Keim, and that it was renewed by the giving of the $3,500 note, upon what pretext can it be urged that the $3,500 note is in any way connected with the vesting of the title to the land in Mrs. Christner?   The title of Mrs. Christner had vested in her more than three years prior to the date of this note.   The judgment for $2,600 had been satisfied more than five weeks before the giving of this note.   If, therefore, Mrs. Christner had not satisfied her father for the $2,600 judgment, it was nothing more than a common debt; it was no more meritorious than a debt for necessaries, or a debt for the improvement of her separate estate, or a debt for money loaned for the purchase of real estate; in all of which cases it has been held her note would be void.   Neither could she revivify the $2,600 judgment by giving a new note.   Her disability as a married woman pre-vented her from making any contract with reference to the judgment.   True, she could have agreed to an amicable revi-val of the judgment while in full life, but that would have been simply an acknowledgment of a valid existing indebted-ness, and the continuance of the lien in a manner specially provided by an Act of Assembly, while here the attempt is to breathe life into a judgment by the creation of a new liability. That this cannot be done is decided in Brunner's Appeal, 11 Wr., 73 ; Keiper *v.* Helfricker, 6 Id., 325 ; Steinman *v.* Ewing, 7 Id., 66 ; Quinn's Appeal, 5 Norris, 447 ; Schlosser's Appeal, 8 P. F. S., 493 ; Prinkey *v.* Murray, 16 W. N. C., 391.

*W. H. Koontz* (with whom was *H. L. Baer*), for defendant in error.—If the judgment under which the land was sold was a purchase money judgment, then under the rulings in Patter-son *v.* Robinson, 1 Casey, 81; Ramborger's Adm'rs *v.* Ingra-ham, 2 Wr., 146, and subsequent cases down to Shnyder *v.* Noble, 13 Norris, 286, sustaining these rulings, a valid title passed to Keim.   It is also true that a married woman can acknowledge the revival of a judgment already in existence, because that is not the creation of any new liability: Brun-ner's Appeal, 11 Wr., 73.   In the present case the facts are, that a father held a judgment against his married daughter for $2,600, the balance of purchase money.   She desired to sell the property, and in order to allow her to make a clear title, he consented to give her a receipt for the judgment.   The sale, however, fell through, whereupon she immediately executed another judgment note for this same purchase money debt of $2,600, to which was added $900, which we claim was given

her in hand as cash with which to make the purchase. The above cases show that the daughter had power to confess a judgment for the purchase money, and also that she might agree to an amicable revival of such judgment; why then may she not confess a judgment for the same purchase money debt, the lien of which has been temporarily removed for her convenience.

One of the grounds for equitable relief is, mistake. In this case it was not necessary for Keim, the owner of the judgment, to resort to equitable proceedings to correct the mistake, because Mrs. Christner rectified it, and yet her compliance with that rule of equity is made use of to defeat the equity of this case and take the land from the rightful owner without any consideration whatever.

Mr. Justice TRUNKEY delivered the opinion of the court, March 30th, 1885.

A verdict was rendered in favor of the plaintiff, for the land in dispute, subject to the point reserved " whether or not the judgment No. 304 April T., 1880, John Keim *v.* Mary Christner, a married woman, upon which the land was sold, was a valid judgment for purchase money of the land." Keim conveyed the land to Mary Christner for the expressed consideration of $3.500, on February 7th, 1877. The judgment recited in the reserved point was entered on a note dated April 1st, 1880, for $3,500 due one day after date, waiving stay of execution and inquisition. On its face the judgment does not appear to be for purchase money of the land; certainly the execution of the note and the execution of the deed were not parts of the same transaction—one was executed more than three years after the other. Without question whether the facts were sufficiently stated in the point to enable the court to determine the validity of the judgment, the material facts being undisputed, the arguments were mainly upon the contention by the defendant that the note was really the same as one that was given at the making of the deed.

When the deed was delivered Mary Christner gave her note for $2,600, part of the consideration, payable in annual instalments of $200, on which judgment was entered, February 21st, 1877. This judgment, though not actually paid, was receipted on February 21st, 1880. There is no pretence that its satisfaction was procured by fraud or mistake; it was satisfied so that Mrs. Christner could convey the land clear of encumbrance. After she had concluded not to convey, there was no attempt to cancel the receipt, or to have the satisfaction stricken off, or to make a new note for the same amount and on same terms as the first; but a note was made for a larger

sum, payable in one day, with waiver of certain legal rights. It is said this second note included $900 which had been a gift or advancement by Keim to Mrs. Christner, but it is no matter whether it is a sum she did or did not owe, for it constituted no part of the condition or charge upon which she took the land. There was a novation. Keim intended to satisfy the judgment for $2,600, and did not intend that judgment should be revived. He intended to include what was owing, though not all due, on that judgment, with other matters, and take a judgment note for the whole. His only mistake was respecting the legal capacity of Mrs. Christner.

Since the decision in Dorrance v. Scott, 3 Whar., 309, it has been uniformly held, with a single exception, that a judgment confessed upon a note with warrant of attorney signed by a married woman, is void, no matter how meritorious the consideration. The exception is when she gives a judgment-bond, or note, for the purchase money of land conveyed to her, which is held to be a valid security upon the land itself. The ground on which such ruling is rested is that " to avoid injustice, a conveyance to a feme covert and her confession of judgment for the purchase money are, taken together, a substantial conveyance upon condition of payment of the price, and therefore she will not be allowed to retain both the price and the land :" Brunner's App., 47 Pa. St., 67. As a personal obligation the bond is void; it is written evidence of the condition of the conveyance. The writing is treated as a condition in the deed. Hence it has been said that "it matters not what the character of the purchase money obligation may be, whether mortgage, bond or note, or whether judgment be obtained thereon by confession, or suit, the result is the same; the land alone is charged, and not the person of the feme covert :" Shuyder v. Noble, 94 Id., 286. Whatever its form the condition is created at the time of the conveyance. If not then created, how can a married woman subsequently agree to hold the estate on condition? Her bond or note for the whole or a part of the consideration, given at the time of the conveyance, is a part of the transaction, and therefore is deemed of like effect as if its substance were written in the deed. It is not so much the act of the grantee as it is of the grantor. He makes the grant and imposes the terms. That the condition may be enforced in like form of procedure, as upon a personal obligation, with lien of judgment thereon and execution limited by contract, affects not the nature of the right. After an unconditional title has been vested in a married woman, she can neither divest herself of it, nor charge or encumber the land, in other mode than is prescribed by statute.

[Railroad Co. *v.* Galbraith.]

Undoubtedly part of the consideration of the note had been purchase money of the land in dispute. That money was secured, as if a lien on the land, and the security satisfied. Keim let it go, and at the time of so doing took nothing. More than a month thereafter he took what he supposed was a valid judgment-note from a married woman. That mistake the courts have no power to rectify. The fourth assignment of error must be sustained.

> Judgment reversed, and now judgment is entered for the plaintiff on the verdict.